## SAMUEL A. MEADER & wife *vs.* PHINEHAS STONE & others.

Husband and wife cannot maintain a joint action of trespass *quare clausum fregit*, unless it appears that the wife had some interest in the close.

Where a tenant at will of a house remains in possession, after refusing or neglecting to pay the rent that is due, and after the landlord has given him, in writing, fourteen days' notice to quit, he cannot maintain an action of trespass *quare clausum fregit* against the landlord for entering the house with force and taking away the windows and inside doors thereof.

A declaration which alleges that A. broke and entered a house, and committed an assault on B. therein, is not proved, as to the assault, by evidence that A., having a right to immediate possession of the house, entered the same and forcibly took away the windows of the room in which B. was sick in bed, without evidence that A. knew that B. was in the house.

TRESPASS for breaking and entering the dwelling-house of said Samuel A., in Charlestown, and damaging the same, and assaulting, frightening, beating and injuring the female plaintiff. Trial on the general issue, in the court of common pleas. The judge, before whom the trial was had, signed the following bill of exceptions:

"The plaintiffs offered the following facts in support of this action, to wit: That about the last of February 1842, said Samuel A. called on said Phinehas Stone and hired of him the house mentioned in the declaration, for one year, at a rent of $100 per annum, and moved into said house about the 3d of March following, and there continued to reside, with his family, until Saturday, the 23d of April following, when, about ten

o'clock in the morning, the defendants went to said house; the said Phinehas procured a key of a Mrs. Pradex, who occupied the tenement adjoining Meader's, there being one outside door and entry in common for the occupants of the said tenements, to unlock the lower doors in Meader's house, but returned it to her, saying that it did not fit Meader's door; and thereupon, said Phinehas and one of the other defendants procured a barrel, placed it under Meader's window, broke out a pane of glass, unfastened the window on the inside, and effected an entrance into the house. All the defendants then entered the house, and took from the hinges the door leading from the entry to Meader's lower room. The said Phinehas then closed the door of said Mrs. Pradex, where she was at work, and the defendants then went to the chamber of Mrs. Meader, the female plaintiff, where she was sick in bed, took out a window from her chamber, took the door of the same from its hinges, and did the same to every other room in the said house, except one of the attics, and took them away, after having remained from three fourths of an hour to an hour in the house. At this time, the said Samuel A. was at his place of business in Boston, and all the members of his family were absent, except his wife. As soon as the defendants left her premises, some of her neighbors who had taken care of her, and who saw the said transactions of the defendants, went to her room — being, as they stated, afraid to go in while they saw the defendants there and hearing their language, which was in a " loud and angry tone " — and found her deeply agitated, and assisted her to a room of Mrs. Pradex, as she was exposed to the east wind, which was blowing fresh; and on that evening she was much worse, and remained unable to do her work for a week or more. Upon this evidence, the plaintiffs' cause was submitted to the jury.

" The defendants, being called on for their defence, offered to prove the following facts: That said Meader made an oral contract with said Phinehas Stone for his said house, for one year from the said 3d of March, at a rent of $100 per year, to be paid monthly, at the end of each month: That, upon the rent of the first month becoming due, said Stone presented his bill to

said Meader, who promised to pay the same shortly, but neglected so to do ; that about the 6th of said April, said Phinehas gave to said Meader a notice in writing, to quit the premises, agreeably to the statute in such case provided ; and that after the expiration of fourteen days therefrom, the said Phinehas, and the other defendants by his direction and request, entered and took possession of the house, and on that occasion did the acts testified to by the plaintiffs' witnesses. But the judge ruled, that if these facts were proved, they would not avail the defendants to defeat the plaintiffs' action ; as they could not, under the circumstances, enter and commit the acts complained of, by force; and he instructed the jury, that if they believed the testimony of the plaintiffs, their verdict should be for them, with such damages as they thought reasonable under the circumstances. It was admitted by the defendants, that if the plaintiffs were entitled to recover at all, they were entitled to the amount claimed, being $20, and the jury returned a verdict accordingly. Thereupon the defendants excepted to the foregoing ruling and instructions of the court."

*Farley*, for the defendants. The action being trespass *quare clausum fregit*, it cannot be maintained by the husband and wife, as neither the declaration nor the evidence shows that the wife had any interest in the house. *Serres* v. *Dodd*, 2 New Rep. 405. And as the alleged assault on the wife is only an aggravation of the breach and entry of the house, the action cannot be maintained for the assault alone.

The ground of the ruling and instructions in the court below was, that by the Rev. Sts. *c.* 104, § 1, "no person shall make any entry into lands or tenements, except in cases where his entry is allowed by law ; and in such cases, he shall not enter with force, but in a peaceable manner." This is similar to the English *St.* 5 Rich. II. *c.* 8 ; and by "force" is meant force in reference to some person, and not to the building. It was not intended to alter the law as to the action of trespass. Meader was a trespasser, by holding over, and cannot maintain an action for breaking and entering the house. A plaintiff must have legal possession, in order to maintain trespass for the viola-

13 *

tion of it.   In *Ellis* v *Paige*, 1 Pick. 43, trespass *quare clausum*
was maintained because the defendant did not allow the plain-
tiff a reasonable time to quit.   But where a tenant for a fixed
period holds over, he cannot maintain such action against his
landlord who makes a forcible entry.   *Sampson* v. *Henry*, 13
Pick. 36. .

It does not appear from the bill of exceptions that the defend
ants knew that Mrs. Meader was in the house.   That question
should have been left to the jury.   If the defendants did not
know that she was in the house, they are not liable for an
assault upon her.

*Willey*, for the plaintiffs.   In *Sampson* v. *Henry*, 13 Pick. 40,
the court say, that though the plaintiff could not maintain an
action for the forcible breach and entry of his house, yet the
assault on his person and the abuse of his family, which were
also charged in the declaration, were not merely matter of ag-
gravation, but a distinct injury.   Meader was tenant at will,
by Rev. Sts. *c.* 59, § 29, and was entitled to reasonable time to
remove his family.   Co. Lit. 56 *b.*   2 Bl. Com. 147.   *Rising*
v. *Stannard*, 17 Mass. 282.   *Ellis* v. *Paige*, 1 Pick. 43.   What
is a reasonable time is a question of law, to be decided on the
circumstances of the case.   In *Ellis* v. *Paige*, thirteen days
after notice was held not to be a reasonable time.   In the case at
bar, as the tenant's wife was sick in her bed, when the fourteen
days' notice to quit expired, that notice was not reasonable.   If
an officer, in executing a writ of *habere facias*, had done the
acts which were done by the defendants, he would have been
answerable in damages.

But if the notice was reasonable, yet the defendants could
not enter by force.   Rev. Sts. *c.* 104, § 1.   And force to
the house is forbidden, no less than force to the person
1 Hawk. *c.* 64, § 26.   1 Russell on Crimes, (1st ed.) 414.

SHAW, C. J.   The court are of opinion, for two reasons, that
this action of trespass *quare clausum fregit* will not lie.   *First*,
it is brought in the name of husband and wife, and it does not
appear that the wife had any interest whatever in the premises,
and therefore such joint action cannot be maintained.   *Second-*

*ly*, the plaintiff cannot maintain such action, because if the facts were proved of which evidence was offered, the defendant had a full right of entry. Notice to quit, as required by law, (Rev. Sts. *c.* 60, § 26,) had been given to the tenant ; the time had expired ; and the tenant had no right to resist the defendants' entry. He could no longer legally aver that the house was his close. See 1 Russell on Crimes, (1st ed.) 413.

But it is urged and relied on, in support of the action, that the owner cannot, even after such notice, enter by force. Rev. Sts. *c.* 104, § 1. But we think, that however such entry by force might subject the landlord to penalties for a breach of the law, criminally, it confers no right of action on the tenant thus holding without any right of possession. Besides ; the declara tion states no such entry by force as the ground of the action ; but the plaintiffs declare, in the usual form, against the defend- ants, for breaking and entering *said Samuel A.'s dwelling- house*, &c. To this point the case cited in the argument is an authority. *Sampson* v. *Henry,* 13 Pick. 36.

Supposing enough is alleged in the declaration, if properly stated, to sustain a joint action for an assault and battery on the wife, we think the evidence, as stated in the bill of ex- ceptions, shows no assault on the wife. She was in bed, in one of the rooms ; but it does not appear that the defendants knew that she was in the house. There was no force, or threat, or demonstration of force, towards her. We have no doubt that an assault may be committed on one in a house, who is not seen or known to be there ; as if one were wantonly to fire a loaded gun, and the ball should pass through a house where persons were, it might be an assault on all of them. But the evidence shows no such case, and the cause was not put on this ground. In these respects the case differs entirely from that of *Sampson* v. *Henry,* in which an actual and aggravated assault and battery were proved.

The court are of opinion, that the evidence to prove the defendants' right of entry ought to have been admitted, and that the fact, if proved, would have been a bar to any claim for damages on the ground of a breach of the plaintiffs' close ; and

that the direction of the court of common pleas, to find a verdict for the plaintiffs, on the circumstances stated in the bill of exceptions, was incorrect.

*Verdict set aside, and a new trial granted.*