GEORGE MUGFORD & wife *vs.* DANA RICHARDSON.

If the owner of a tenement has gained peaceable possession of a portion thereof, upon the termination of his tenant's estate therein, he may use as much force as may be necessary to ov~~come the tenant's resistance to his taking possession of the residue.

TORT to recover damages for an assault and battery upon the female plaintiff.

At the trial in the superior court, before *Putnam,* J., it appeared that the plaintiffs had occupied as tenants a tenement owned by the defendant, and that their estate therein had been terminated by their failure to pay rent, and a notice to quit from the defendant; and thereupon, the plaintiffs not having left, the defendant came into the tenement without objection, and proceeded to take out the windows. There was evidence tending to show that, after he had taken out the windows in one room, the female plaintiff obstructed his entrance into another room, in which her young child was lying, and the defendant removed her hold upon the door casings, and at this time the alleged assault took place, respecting the details of which the evidence was conflicting. The judge instructed the jury that "the defendant had the right to enter the premises at the time he did, and in the manner he did, and take out the windows as he did, providing he did it without creating a breach of the peace; that if the female plaintiff undertook to prevent him from doing it, he had the right to use as much force as was necessary in order to overcome her resistance; and that if he used more force than was necessary for such purpose, and she was injured by reason of such excess of force, the plaintiffs could recover for the injury sustained thereby."

The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions.

*A. R. Brown,* for the plaintiffs.

*J. N. Marshall,* for the defendant.

DEWEY, J. The right of the plaintiffs to the possession of the house had terminated by their failure to pay rent, and the notice given to them by the defendant to quit the same. In this

state of the facts, the defendant had the right to enter upon the premises and take out the windows of the same. That no action would lie by the tenant against the landlord for such entry, was decided in the case of *Meader* v. *Stone*, 7 Met. 147. The cases of *Curl* v. *Lowell*, 19 Pick. 25, and *Curtis* v. *Galvin*, 1 Allen, 215, affirm the same doctrine. The only point of inquiry is, whether the form of this action, and the claim for damages for a personal assault, require a different rule. The case finds that the defendant had, by virtue of his legal rights as landlord, entered the tenement peaceably and without objection. Being thus in peaceable possession of a portion of the tenement, the court properly instructed the jury that if the female plaintiff undertook to prevent him from taking out the windows, he had the right to use as much force as was necessary in order to overcome her resistance. *Exceptions overruled*