[No. 5381.]
[No. 3031 C. A.]

## HOWE v. FRITH.

1. **Appellate Practice — Damages — Lump Sum — Admission of Evidence—Improper Grounds of Recovery.**

In an action for damages on several grounds, the complaint did not specify the amount of damages suffered from any one of the causes stated, and the verdict and judgment was for a lump sum. Held, that if evidence was improperly admitted in support of any ground relied on for which plaintiff had no right to recover, such judgment must be reversed, for it cannot be determined what influenced the jury in reaching the verdict.—P. 78.

2. **Landlord and Tenant—Lease—Construction—Damages from Turning Off Heat.**

A lease for room and heat provided for monthly payments of rent in advance, and for forfeiture in case of nonpayment, and the right of re-entry with or without process of law, "using such force as might be necessary." Held, that where the heat is turned off after a failure to pay rent for two months, no right of action accrues to the tenant.—P. 81.

3. **Landlord and Tenant—Lease—Covenant to Not Claim Damages for Trespass—Turning Off Heat.**

Where a lease for room and heat provided that no action of trespass or the like should be brought by the tenant in case the lessor should forcibly dispossess the tenant of the premises under the terms of the lease, the tenant is thereby estopped to claim damages from the shutting off of the heat.—P. 81.

4. **Landlord and Tenant—Right to Re-entry—Failure to Enforce Right—Effect of Injunction.**

The fact that a court, through its injunction writ, prevented the re-entry of the landlord under the license granted by the lease, does not relieve the tenant from the rule that an action will not lie for rendering the premises uninhabitable, nor from an express waiver of any right of action for such trespass.—P. 82.

*Appeal from the District Court of the City and County of Denver.*

*Hon. F. T. Johnson, Judge.*

Action by Hillian Frith against Charles H. Howe for damages for violation of the covenants of a lease. From a judgment for plaintiff, defendant appeals.                    *Reversed and remanded.*

Mr. W. C. Kingsley and Mr. Richard McKnight, for appellant.

Mr. C. C. Brown, for appellee.

Mr. Justice Maxwell delivered the opinion of the court:

Appellant Howe, by a written lease granted appellee, Mrs. Hillian Frith, a lease of three rooms on the second floor of a business block in Denver for the purpose of conducting a millinery business, for the term of one year from January 1, 1902, at a monthly rental of fifty-five dollars, to be paid in advance on the first day of each month, lessor agreeing to furnish heat to the apartments. The lease contained the usual covenants, and further provided that, if any part of the rent should remain unpaid when due, or any default should be made by the lessee in any of the covenants by her to be kept, the lessor should have the right to declare the term ended, and enter into possession of the premises, with or without process of law, and expel and remove the lessee, using such force as might be necessary, and this without first making any demand for the rent or giving any notice that the lease was forfeited; and that no action of forcible entry, unlawful detainer, trespass or like action, should be brought by the lessee in case the lessor should forcibly dispossess her of the premises under the terms of the lease. It further provided

that if at any time the term should be ended at the election of the lessor, the lessee would surrender possession peaceably immediately upon such termination, and that, if the lessee should remain in possession after notice of any default, or after termination of the lease in any of the ways provided, she should be deemed guilty of forcible detainer under the statute, subject to all the conditions named in the lease, and to eviction and removal, forcibly or otherwise, with or without process of law.

The complaint, after setting forth the lease, alleged in substance that the premises were entered only by means of a hallway on the first floor leading from the street and up a flight of stairs to the second floor, and thence along and through a hallway to appellee's rooms; that appellee rented the premises for the purpose of carrying on a millinery business, and that the principal part of her sales were made during the months of September, October and November, and the same number of months during the spring; that October 1, 1902, appellant, without appellee's knowledge, and in violation of the covenants in the lease, tore up the stairway leading to the plaintiff's rooms, as well as the partition and plaster of the hallway, rebuilt the stairway, and again tore it out and rebuilt it, removing the plaster and replastering, and thereby, for twenty-one days, deprived plaintiff and her customers of ingress to and egress from the leased premises, causing plaster, moisture, etc., to be taken and carried into her rooms, thereby damaging her goods and furniture; that, at that time, the plaintiff was carrying a $5,000 stock of goods, manufactured and in the course of being manufactured, of a delicate nature; that, in tearing down said partition and plaster, lime dust, dirt and moisture were carried into plaintiff's apartments and upon her goods, damaging them, and by reason of

these conditions during twenty-one days, from the first day of October, plaintiff's customers were unable to get to her place of business; that, in violation of the terms of the lease, appellant, on November 4, 1902, willfully shut off the heat from plaintiff's apartments, and at great expense she was obliged to, and procured oil stoves for heating purposes; that, while the heat was so shut off, plaintiff took a severe cold and ever since was sick, to her great damage; and that, by reason of the premises, she suffered $3,000 damages.

The answer admitted the execution of the lease, that the stairs and halls referred to in the complaint were the only means of ingress to and egress from the apartments, denied all other allegations of the complaint, and counter-claimed for three months' rent and damages to the premises. The reply put in issue the counter-claim.

Trial to a jury resulted in a judgment against appellant for $1,800, from which is this appeal.

From the above statement of the complaint, it appears that plaintiff sought damages upon three grounds: (1) Damages to her stock and furniture; (2) loss of profits; (3) damages by reason of expense incurred, illness and physical suffering caused by shutting off the heat from the apartments.

It will be noticed that the complaint does not specify the amount of damages suffered from any one of the above causes; and as the verdict and judgment is for a lump sum, and as we have no means of knowing what influenced the jury in arriving at its verdict, if evidence was admitted over the objection of appellant in support of any one of the grounds upon which appellee relied, which was not a ground upon which appellee ought to have recovered, the judgment must be reversed.

The evidence shows that, between October 1 and 10, appellant made certain alterations in the hall and stairway leading to appellee's apartments which interfered somewhat with the ingress to and egress from the apartments; the extent, nature and character of such interference being left very much in the dark by reason of conflicting evidence upon this point. It is admitted that appellee did not pay the rent due under her lease for the months of September and October, and that October 31, appellant served a written notice on appellee to pay the rent due or surrender possession of the premises within three days; that, November 5 or 6, appellant shut the steam heat off from the apartments, and that appellee continued to occupy the apartments until December 31, the end of the term. Over the objection of appellant, appellee and her husband testified to the expenses incurred in procuring gas and oil stoves and fuel therefor, for the purpose of heating the apartments during the three months the heat was shut off; that appellee was made very ill with pneumonia, followed by rheumatism, and that she was confined to her bed until she vacated the premises and has been ill ever since; that she suffered great pain and contracted bills for medical attendance.

The attending physician testified to the illness of appellee, its duration until February following, going into his treatment of the case in detail.

The court instructed the jury, in substance:

That the plaintiff sought to recover damages on account of the alleged shutting off by the defendant of the heat to said premises leased to plaintiff, by reason of which she contracted a cold and was made sick, and for a period of time she was put to the expense of otherwise heating the said premises; and that if the jury found, from a preponderance of the evidence, that the defendant wrongfully and

without the consent of the plaintiff shut off the heat to the rooms leased to the plaintiff during a part of the time plaintiff was occupying the same under the lease, this was a breach of the contract of leasing on the part of the plaintiff, and the damages which plaintiff was entitled to recover on account thereof are such as may fairly and reasonably be considered as arising therefrom, or such as may reasonably be supposed to be in the contemplation of the parties at the time they made the lease, and as a probable result of such breach, and in determining the amount of damages the jury should take into consideration any money expended by the plaintiff in heating said apartments, and also any inconvenience suffered by the plaintiff on account thereof, as shown by the evidence.

As above stated, the lease contained covenants of forfeiture for nonpayment of rent, the right of re-entry, with or without process of law, "using such force as might be necessary," and this without making any demand for the rent, and for peaceable surrender of possession by the tenant.

In *Goshen v. People,* 22 Colo. 270, it is said:

"While our statute of forcible entry takes away the right that existed at common law to make entry by force, although the right to possession may exist, a[license]to make such an entry does not contravene this statute, and the landlord may, under the provisions contained in this lease, enter and remove a tenant upon covenant broken, if he uses no unnecessary force to accomplish the purpose. (Citing cases.) * * * he was not obliged to resort 'to remedies given by the laws of the state,' but could avail himself of the right to re-enter, under the stipulation in the lease, using no more force than was necessary to remove the complaining witness; and if he so entered, his possession at the time the assaults

and batteries are alleged to have occurred was lawful, and he had the right to defend that possession by resort to force, if necessary."

Under covenants in leases reserving to the landlord the right of re-entry for covenants broken, it has been held that the landlord may render the tenement uninhabitable by removing doors, windows and other portions of the structure, even to the extent of demolishing the tenement, and that such acts, where no more force was used than was necessary to accomplish the re-entry, confer no right of action upon the tenant holding without any right of possession.—*Meader v. Stone*, 48 Mass. 147; *Mugford v. Richardson*, 88 Mass. 76; *Allen v. Keily*, 17 R. I. 731; *Todd v. Jackson*, 26 N. J. L. 525.

The act of the landlord in this case in shutting off the heat from the apartments was within the rule announced by the authorities, and no right of action accrued to the tenant by reason of such act. Further than this, as above shown, a covenant of the lease stipulated that in case the tenant was forcibly dispossessed from the premises by reason of the forfeiture of the lease by nonpayment of rent, no right of action for trespass or like action should be brought by the tenant. So that if the law was otherwise than as above stated, by the covenants of the lease, the tenant estopped herself from recovering damages caused by shutting off the heat from the apartments.

Counsel for appellee meet this state of facts by contending that appellant did not avail himself of the license to re-enter granted by the lease, but permitted the tenant to occupy the premises until the end of the term, and thereby waived the notice of forfeiture served October 31.

In the light of the facts disclosed by this record such contention is utterly untenable. The complaint shows that November 20 appellant commenced suit

in a justice court in forcible entry and unlawful detainer against appellee, to recover possession of the premises, the prosecution of which suit was stayed by an *ex parte* injunction issued by the court below in this action, and that the court, upon motion of appellant, refused to dissolve such injunction, The fact that a court, through its injunctive writ, prevented the re-entry of the landlord under the license granted by the lease, does not relieve the tenant from the rule of law above stated; nor does it release the tenant from the covenant of the lease, whereby she waived her right of action against the landlord on account of the acts she now complains of.

The court erred in admitting evidence over the objection of appellant as to any damages suffered by appellee after the service of the notice of forfeiture of the lease October 31, in instructing the jury, as above indicated, and in refusing instructions requested by appellant on this point.

We must presume that the evidence introduced upon this branch of the case was considered by the jury and entered into the amount of the verdict; to what extent we are unable to determine; the jury might have rested their entire verdict upon this objectionable evidence.

This conclusion renders it unnecessary to consider the other errors assigned and argued, that question the correctness of rulings upon the admission of evidence, and other instructions of the court. —*Marr v. Wetzel,* 3 Colo. 2, 8; *Crymble v. Mulvaney,* 21 Colo. 203, 211.

For the reason stated the judgment is reversed, and the cause remanded. *Reversed and remanded.*

CHIEF JUSTICE STEELE and MR. JUSTICE HELM concur.