[No. 6008.]

SEDGWICK v. SEDGWICK.

1. **Injunction—Preliminary—Obtained by False Representations or Practice as to Emergency**—Nothing in the provisions of the code (Laws 1903, c. 117, sec. 2; Code 1908, sec. 164; Rev. Stats., p. 105) requires the discontinuance of an action, on account of the wrongful procuring of a preliminary restraining order, unless the opposing party moves to have the case dismissed on said account.

The phrase, "any hearing or trial of said matter," in the concluding clause of the section, refers to an inquiry as to the allowance of the injunction, and not to a trial of the merits of the action.—(167, 168)

2. **Verdict — Separate Causes of Action —** Where the complaint contains separate causes of action, based upon different transactions, there should be a separate verdict upon each. But where several counts assert the same cause of action, the verdict may be general, and such general verdict will ordinarily suffice, if the proof supports any count.—(168)

3. ——**Action for Divorce—Several Grounds**—Where a divorce is demanded upon several distinct and statutory grounds,

counsel should, before the jury retire, discontinue as to all save those upon which a verdict is desired.—(168)

4. ——Jurisdiction—Citizenship—An alien who makes this state his home, in good faith, and has no residence elsewhere, is a citizen within the meaning of the statute (Laws 1893, c. 80, sec. 6; Rev. Stats., sec. 2116), and our courts are open to him to apply for divorce.—(169)

5. ——Habitual Drunkenness—Cruelty—A charge of extreme cruelty is not established by evidence of drunkenness. —(170)

, Drunkenness, to constitute a ground of divorce, must be habitual, and must have continued for one year prior to the institution of the action.

Cruel acts, or speeches, while in the condition of intoxication, are not excused by such condition, nor does it defeat the action of the other spouse, grounded upon such cruelties.—(170)

6. Evidence—Wherein it Consists — It is the effect of what the witnesses say that constitutes evidence, e. g., where in an action for a divorce, no witness testified to the plaintiff's residence, in answer to any direct question, but in effect it appeared that he had resided here for many years prior to the institution of his action, it was held a compliance with the statute.—(169)

7. ——Sufficiency—If the defendant's testimony supplies the deficiencies of that given on the part of the plaintiff, the verdict must stand.—(169)

*Error to Washington District Court*—Hon. E. E. ARMOUR, Judge.

Defendant in error, Leonard Sedgwick, April 12, 1905, filed complaint in the district court of Washington county for divorce, wherein he alleges they have been husband and wife since 1900, and residents and citizens of said county and state for more than a year prior to commencing said action. It contains three separate causes of action: first, adultery; second, habitual drunkenness for the space of one year; third, extreme and repeated acts of cruelty, consisting in the infliction of mental suffering. Her answer admits said residence and citizenship, but denies said adultery, drunkenness and cruelty, and by cross-complaint, she seeks a divorce, wherein she also alleges citizenship and residence in said county

and state, and charges him. with adultery; also cruelty, consisting of bodily violence, and mental suffering. Plaintiff, when he commenced said action, obtained a temporary restraining order against her, based on section 164 of the code of 1908, being section 148 of the code as amended by S. L. of 1903, relative to injunctions. April 20, 1905, was fixed as the day for hearing the application for a temporary injunction. As far as the record discloses, this application was never heard, no temporary injunction was issued and no further notice seems to have been paid to it. The record does not disclose any hearing or application for a hearing upon said restraining order..

The jury returned the following verdict: ''We, the jury, * * * find the plaintiff * * * not guilty as charged in the cross-complaint. We also further find the defendant * * * guilty as charged in the complaint.''

Our divorce statute provides:

''Sec. 6. No person shall be entitled to a divorce in this state unless such person shall have been a *bona fide* resident and citizen of this state for one year prior to the commencement of the action, which fact shall be proven by the evidence of at least one credible witness other than the plaintiff;

''Provided, That this section shall not affect applications for divorce upon the grounds of adultery or extreme cruelty, where the offense was committed within the state; Provided, further, that such suit shall only be brought in the county in which such plaintiff or defendant reside, or where such defendant last resided.''

Defendant was an inmate of a house of prostitution in Cheyenne, where plaintiff frequently met and co-habited with her. In 1900, he established her in a room in Denver, where they lived together, and this is called a common-law marriage. They were

never married, but each insists the marriage relation exists.

Mr. CLAY B. WHITFORD and Mr. HENRY E. MAY for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

The principal points involved are: First, the applicability of the injunction statute to divorce actions. Second, Must the plaintiff in a divorce action be a citizen of the United States? Third, where there are three statutory grounds of divorce separately alleged as distinct causes of action, and the verdict is general, namely: that the defendant is guilty as charged in the complaint, if the evidence is insufficient to support any one cause, or if the court erred in admitting or rejecting evidence as to any one cause, or erroneously instructed the jury as to any one cause, or if there is reversible error as to any one cause, Must the action be reversed as a whole?

1.   Our injunction statute provides:

"In the event the temporary restraining order shall issue without notice and it shall afterwards appear to the court, upon any hearing or trial of said matter, that the emergency alleged therefor did not exist, or, existing, was brought about by the act or omission of or for the plaintiff, or by his knowledge, the court shall find and enter judgment accordingly, and shall, also, dismiss the complaint without respect to the merits thereof, and shall, also, summarily enter judgment on said emergency bond for the defendant and against the plaintiff and his sureties aforesaid, and issue execution therefor."

It is claimed under this statute, the trial court erred in not dismissing the complaint. The claim is wrong, for the simple reason counsel did not ask to

have it dismissed. If counsel wanted the action dismissed upon a hearing of "said matter," they should have called it to the attention of the court and had it heard. "Said matter," does not refer to the principal suit, but to the issuing of the restraining order. This is not to be construed as implying that the code provision on injunction is applicable to divorce actions. Whether the district court possesses inherent common-law power to issue restraining orders in proper cases, in divorce actions, without notice and without bond, we express no opinion.

2. Where the complaint contains separate causes of action, each based on a different transaction, there should be a separate verdict for each. But where the complaint contains only one cause of action based on one transaction, although set out in different counts, the verdict may be general, and ordinarily will be good if the proof supports any count. This rule applies to both civil and criminal practice.

It is contended, in a divorce action based on more than one statutory ground, where the verdict is general, the judgment will be set aside if there is reversible error in any one of the causes of action, because it is impossible to say upon which the verdict is based. We take no issue with this contention. Counsel in a divorce action upon a number of statutory grounds, before the case goes to the jury, should dismiss on all save such as they desire a verdict. They are taking an unnecessary risk upon a general verdict, where different causes of action are submitted to the jury. Applying this doctrine to said second cause of action, drunkenness, it is contended there was no proof of plaintiff's residence and citizenship of Colorado, one year prior to the commencement of his action. The evidence shows he was born in England and there is no evidences of naturalization, therefore, it is argued, his citizenship being once established, the presumption is that it still continues.

And, it is said, not being a citizen of the United States, he could not be a citizen of Colorado, and hence could not have been a citizen for one year prior to the commencement of said action; therefore, could not obtain a divorce upon the ground of drunkenness. So, the verdict being general, the whole action must be reversed. The evidence sufficiently shows his residence and habitation in Colorado many years prior to the commencement of the divorce action. This state had long been in good faith his genuine home and domicile; he had no other residence. He contracted said marriage relation in this state five years before bringing said action, and when he brought it, he was living within and subject to the jurisdiction and laws of Colorado. This made him a citizen of the state within the broad meaning of said divorce statute. The intent of the law is said to be its spirit. The intent of this statute was to prevent non-residents of the state from establishing a temporary residence here for the purpose of obtaining a divorce. Where an alien makes the state his home in good faith, and has no residence anywhere else, its courts are open to him to obtain a divorce on proper grounds.—*Cairnes v. Cairnes,* 29 Colo. 264.

It is further contended that two witnesses did not swear to his residence. True, no two witnesses, nor one, for that matter, swore in answer to any direct question, that he had resided for a year prior to the commencement of said action, in Colorado. But it is the effect of what witnesses say that constitutes evidence, and the effect of the testimony is that plaintiff had lived in Colorado for many years prior to the commencement of said action. If it is true, as contended, that he failed to prove this by any other credible witness than himself, still, the defendant when a witness, supplied the proof by testifying to his residence. Surely counsel will not contend that his client was not a credible witness. No motion was

made on this account to dismiss, as to this cause, at the conclusion of plaintiff's case. In any contested case, if the whole evidence, no matter by whom introduced, supports the verdict, the case will not be reversed because the defendant supplied a missing part of the plaintiff's proof.

3. It is further contended that the evidence fails to show that she was an habitual drunkard for the space of one year prior to the commencement of the action. Upon this, the evidence was conflicting, and the jury determined the conflict against defendant.

4. It is also assigned as error, that extreme cruelty cannot be based on drunkenness. We agree that mere proof of drunkenness cannot establish cruelty. Habitual drunkenness is a separate statutory ground for divorce, and a charge of extreme cruelty cannot be grounded upon or established by drunkenness. Drunkenness, to constitute a ground for divorce, under our statute, must be habitual and must have existed for a year prior to the commencement of the action. But when one, while drunk or drinking, says or does things amounting to extreme cruelty, the fact that he was drinking would not defeat a divorce case based upon such extreme cruelty. If drinking or being drunk is interwoven with acts of cruelty or even is the cause of them, it cannot be used to defeat a divorce action based on cruelty because habitual drunkenness for the space of one year is a distinct ground of divorce. Our statute provides that drunkenness shall not excuse any crime or misdemeanor whatever, and neither do we think it excuses any acts of cruelty.      *Affirmed.*

Chief Justice Campbell and Mr. Justice Musser concur.

Decided March 6, 1911; rehearing denied April 3, 1911.