No. 10,760.

ARNOLD v. ESTATE OF FARNHAM, ET AL.

Decided May 5, 1924.

Will contest.   Judgment for contestees.

*Affirmed.*

1.  PRACTICE AND PROCEDURE—*Jury Questions—No Evidence.* In a will contest, it is held not good practice to submit to the jury questions upon which no evidence is introduced for contestant.

2.  APPEAL AND ERROR—*Will Contest—Instructions.* Where contestant of a will introduced no evidence touching certain issues of fact involved, he could not predicate error on the submission of such questions to the jury, or upon instructions given or refused concerning them.

3.  WILLS—*Natural Rights—Instructions.* A will giving $1000 of a $10,000 estate to a daughter, and balance to the widow and an adopted daughter, held to show no disregard of natural rights

so as to require an instruction to the jury to consider such disregard on the question of want of capacity of the testator.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. H. A. CALVERT, for plaintiff in error.

Messrs. ROBINSON & ROBINSON, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

NONA C. ARNOLD contested the will of her father, Eli Porter Farnham, and, the verdict and judgment being against her, brings error.

The estate amounted to about $10,000. The will gave to Nona C. Arnold $1,000, to the testator's widow, his residence, and of the residue of about $5,000, one-half to the widow and the other half to William F. Robinson, his attorney, in trust for the maintenance and education of his adopted daughter, Kathryn Lynne Farnham, eight years old.

To avoid the will it was claimed:   (1)   That the testator lacked testamentary capacity; (2) that he was unduly influenced; (3) that he never signed the will; (4) that it was not executed in form of law.

The abstract sets out no evidence, but the defendants in error have filed a supplemental abstract purporting to abstract all the evidence, and we assume that it does so.

As to the first objection, lack of capacity, there was not evidence enough to justify a verdict for contestant. Upon the second and fourth, undue influence and irregular execution, there was no evidence for the contestant. The court left them to the jury, however, which was not good practice and might have justified a reversal if the verdict had been for contestant. *Weil v. Nevitt,* 18 Colo. 10, 31 Pac. 487; *Colo. Springs Ry. Co. v. Cohun,* 66 Colo. 149, 152, 180 Pac. 307; *Big Hatchet Co. v. Colvin,* 19 Colo. App. 405, 410, 75 Pac. 305. But plaintiff in error cannot complain of it, nor claim as error the instructions given or

the refusal of the court to instruct on these points as she requested.

As to the third point there is no complaint as to the instructions.

It is claimed that the court erred in refusing to instruct that the disregard in the will of natural rights should be taken into consideration upon the question of want of capacity, but the will showed nothing that could be called such disregard.

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.