## No. 11,504.

### STATEN *v.* FAMULARO, ET AL.

Decided March 7, 1927.

Action for damages.  Judgment for plaintiffs.

### *Affirmed.*

### *On Rehearing.*

1. PLEADING—*Causes of Action.*  In an action for damages for death of a child, its funeral expenses, and destruction of furniture, all caused by the same act of negligence, it is held that the action for death was a separate cause of action.

2. APPEAL AND ERROR—*Separate Causes of Action—Verdict.*  Where there are several causes of action, a general verdict for plaintiff will be set aside if in one cause there is reversible error; but if there is no such reversible error, the verdict will not be set aside because general.

3. *Separate Verdicts—Motion Without Notice.*  The overruling of a motion for a separate verdict on each cause of action, held not to be reversible error where the opposing party had no knowledge of the motion and would have confessed it had he known of it.

4. *Ex Parte Rulings.*  There should be no reversal against a party for a ruling upon which he had no opportunity to be heard.

5. *Motions—No Notice.*  A motion before trial, without notice, is a nullity if objected to in time.

6. EVIDENCE—*Values—Competency.* The evidence of a witness upon the value of furniture, is not incompetent if the testimony shows that he has some knowledge on the subject.

7.     *Weight—Jury.* It will not be presumed that the jury gave undue weight to competent evidence.

8. APPEAL AND ERROR—*Sufficiency of Evidence.* Evidence reviewed in an action for damages, and held sufficient to support a verdict for plaintiff.

9.     *Complaint—Evidence—Variance.* In an action for damages caused by negligence, the contention that the evidence did not support the complaint, overruled.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. D. L. WEBB, Mr. H. BERMAN, Mr. JAMES H. TELLER, for plaintiff in error.

Mr. J. W. KELLEY, Mr. J. D. KELLEY, Mr. LEO J. CROWLEY, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE Famularos, man and wife, had a verdict and judgment for $3,500 against Lula O. Staten for negligence. She brings error.

The plaintiffs were tenants of an apartment house owned by the defendant. It caught fire and the plaintiff's sleeping child was thereby killed and furniture destroyed. The complaint purports to state three causes of action, one for the death of the child, one for its funeral expenses and one for the lost furniture, all caused by the same acts of negligence, which, it is alleged, caused the fire, and there was a motion to require a separate verdict on each cause of action, which was overruled and a general verdict was rendered.

The arguments on rehearing have convinced us that the action for death is a separate cause of action. *Mich. Cent. R. R. Co. v. Vreeland,* 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176; *Am. R. Co. of Porto Rico v. Didricksen,* 227 U. S. 145, 33 Sup. Ct. 224, 57 L. Ed. 456; *Gulf, Colo. Etc. Ry. Co. v. McGinnis,* 228 U. S. 173, 33 Sup. Ct. 426, 57 L. Ed. 785. But for other reasons we reach our former conclusion.

The proposition is stated that upon several causes of action a general verdict will be set aside if in one cause there is reversible error. That is correct. *Howe v. Frith,* 43 Colo. 75, 78, et seq., 95 Pac. 603, 17 L. R. A. (N. S.) 672, 127 Am. St. Rep. 79, 15 Ann. Cas. 1069; *Sedgwick v. Sedgwick,* 50 Colo. 164, 114 Pac. 488, Ann. Cas. 1912 C, 653. But if there is no such reversible error, the verdict will not be set aside because general. *Id.* We do not find such error.

But the defendants' motion to require a separate verdict on each cause of action was overruled and this is assigned as error. The two above cases are cited, but neither holds that the mere denial of such a motion is ground for reversal; but, however that may be, this motion is shown by the record to have been made after the instructions had been settled in chambers, just as the judge was going on the bench, before the reporter was seated and it likewise appears that it was not heard or known of by counsel for plaintiffs, who now says that if he had heard the motion he would not have objected, but would have been glad to confess it. He claims, of course, that the overruling of the motion under such circumstances cannot constitute reversible error. We think he is right. There should be no reversal against a party for a ruling upon which he has had no opportunity to be heard. One reason for permitting motions without written notice on trial in open court is that the opponent is present and can hear and be heard. To do it out of his hearing is equivalent to making a motion

before trial without written notice which, if objected to in time, would be a nullity.

The question whether such motion was a request for an instruction and so should have been in writing we do not decide.

It is claimed that the testimony of Famularo to the value of the furniture was incompetent because he was not qualified as an expert. The evidence shows, however, that he had some knowledge of values and we cannot say that the testimony was incompetent, however light in weight and however incredible, as for example, that an apartment of living room, bathroom, clothes closet and kitchenette contained $2,000 worth of furniture, at second-hand price, including rocking chairs at $100 each, which is somewhat startling. The amount of the verdict, however, does not show unquestionably that this estimate was included, and we cannot reverse on that ground. We cannot presume that the jury gave undue weight to competent evidence, even if it seems to us of doubtful credibility.

It is claimed that the evidence is insufficient to support the verdict. There is evidence, however, that the furnace was so built and managed that gas explosions frequently took place, that defendant and her agents had been notified of this, that the ceiling over the furnace was plaster on wooden lath and that about a foot square of the plaster was off so that the floor above which was plaintiffs' apartment was visible. There was also evidence that the bottom of the floor boards over the furnace were more burned than the top, but, more important than all, the jury saw the premises. We cannot say that the verdict was not justified by the evidence, nor can such verdict be regarded as based on mere conjecture.

It is said that the evidence did not support the complaint, but the evidence we have detailed above is in direct evidential support of allegations in the complaint.

The former opinion is withdrawn and the judgment affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE WHITFORD concur.