No. 17,519.

ESTATE OF FLORA V. DEEDS, LESTER L. COONS, ET AL.
CAVEATORS *v.* PEARL RAY PROUDFIT, PROPONENT.
(293 P. [2d] 643)

Decided January 9, 1956.   Rehearing denied March 5, 1956.

Mr. JOHN F. MUELLER, Mr. JOHN T. DUGAN, for plaintiffs in error.

Messrs. DICKERSON, MORRISSEY, ZARLENGO & DWYER, Mr. THOMAS F. McGOVERN, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

FLORA V. DEEDS, sometimes known as Flora Deeds, died April 5, 1949, at the age of eighty-one years. On November 4, 1948, she made and executed a last will and testament and eight days later, on November 12, 1948, she made and executed another will to which a codicil was attached on March 4, 1949. The latter will was presented to the county court of the City and County of Denver for probate, and a caveat was filed. The contest was tried to a jury, and the court admitted the will to probate. This judgment was appealed to the district court and trial had to a jury, which returned a verdict finding that the will and codicil thereto was not the last will and testament of the deceased. A writ of error was procured from this court to review that judgment, but the matter was never perfected, and the writ of error was dismissed.

Thereafter the will of November 4, 1948, was presented for probate by defendant in error, the proponent. Caveat was filed, and the contest submitted to a jury, which returned a verdict finding the will to be the last will and testament of deceased. On appeal to the district court a jury there made the same finding. The trial court submitted the matter to the jury on the questions of undue influence and testamentary capacity. Review-

ing the evidence presented by proponent, being the testimony of disinterested businessmen, we find ample support for the verdict of the jury.

The grounds of contest are in substance that the instrument was not the last will and testament of deceased; was not executed with all or any of the formalities required by the statutes; that the will was not the free and voluntary act of deceased for the reason that deceased did not apprehend or understand the nature of the instrument and was of unsound mind and memory and incompetent to make a will; that the will was the result of undue influence exercised by deceased's sister, the proponent; and finally, that proponent does not come into court with clean hands, and that she is estopped to offer same for probate because of the fact that she had offered for probate an alleged will of November 12, 1948, as the last will and testament of the deceased, which she knew was invalid by reason of the mental incapacity of deceased to execute such will.

Motion to strike certain parts of the caveat was filed and on hearing, the court struck the allegation that proponent did not come into court with clean hands, and that she was estopped to offer the will for probate by reason of having already offered the will of November 12, 1948, for probate. Proponent answered, admitting the relationship of the caveators to the deceased; admitting her age; and denying each and every other allegation of the caveat. After trial and the jury's verdict finding the instrument dated November 4, 1948, to be the last will and testament of deceased, motion for new trial was dispensed with and the court entered judgment on the verdict of the jury. This judgment was appealed to the district court, and without amendments by the caveators, de novo trial was had and a similar verdict returned.

During the trial of the contest of the will of November 12, it developed that another will had been executed by deceased and on demand of the caveators the court or-

dered such will produced. This will was offered in evidence by the caveators in the trial of the will of November 12, but was refused. The only difference between the two wills is that the earlier will, the one of November 4, does not make a bequest to Lester Coons, one of the caveators, but states that he is provided for by giving him $1,100 in bonds that were then in deceased's safety deposit box at the Colorado National Bank. The objections of the caveators have been herein enumerated; however, in filing their objections they also stated that the matters and things contained in the will of November 4, 1948, were adjudicated by the judgment of the court denying probate of the will and codicil of November 12.

The certificate of death discloses that deceased died of a cerebral hemorrhage due to arteriosclerosis and hypertension, and that death occurred three days after the onset. At the trial caveators offered in evidence the verdict of the jury returned in the contest of the will of November 12, 1948, and the codicil of March, 1949. This offer was refused by the trial court as being a verdict in previous will contest involving a different will and executed at a later date. Since it is to be observed that the offer was only the opinion of a different jury based upon different testimony and concerning a will executed at a different date, it is well to carry in mind the fact that the jury verdicts denying probate to the November 12 will were findings that the proposed will was not the last will and testament of deceased. During her lifetime, deceased had executed a power of attorney which caveators sought to establish by presenting a copy thereof; when the authenticity of this copy was questioned, caveators failed to sufficiently identify the copy as to make it admissible. The trial court gave great latitude to caveators in the presentation of their case by permitting them to bring out testimony concerning deceased's mental and physical condition, her relationship, both with caveators and the proponent,

and, as the evidence discloses, every fact and circumstance that might bear upon the question of testamentary capacity or undue influence, while the proponent established to the satisfaction of the jury that deceased knew and understood the business she was transacting at the time of the execution of the will and understood the nature and extent of her property and the natural objects of her bounty.

It is contended by caveators that the matter of deceased's capacity to make the will of November 4 was adjudicated by the jury's verdict in the contest of the will of November 12. To support their contention numerous cases are cited; however, a study of these cases reveals that the decisions were based on the fact that the person involved had been adjudged a mental incompetent or a lunatic in proceedings instituted to inquire into such mental status, and that a judgment of incompetency in such proceedings is admissible to prove the person's mental condition at the time the judgment was entered or within a reasonable time before or after. The distinction between such cases and the case at hand is at once apparent. One is an adjudication as a lunatic or incompetent in a statutory inquisition, while the case at hand is simply a finding by the jury that the will offered was not the last will and testament of deceased. We have no finding by the jury with respect to deceased's competency or incompetency. A statutory lunacy hearing is not in the nature of an adversary proceeding such as obtains in a will contest, because in the latter personal interests are involved. We believe the authorities are generally in agreement to the effect that a verdict and judgment rejecting a last will and testament on the grounds of mental incapacity is not admissible in evidence at a subsequent trial to determine the validity of a different will executed at another date. Here we do not have such rejection on account of mental incapacity, but simply a finding that the documents presented were not the last will and codicil, therefore, the trial court prop-

erly refused to admit the verdict of the jury as well as the will of November 12 in evidence.

■ We are unable to find any support for caveators' contention that proponent was estopped to present the will of November 4, because she had previously presented a later will dated November 12. As we perceive it, the duty of proponent, when she found herself in possession of two wills, was to present the will bearing the last date for probate. Such presentation after objections were filed, would determine the validity of such will bearing the latest date. When it was determined by the jury's verdict and the judgment of the district court that this was not the last will of deceased, it then became her duty to present the will of November 4, which she did. All this was prior to the amendment of our statute in 1953 (C.R.S. 1953, 152-5-23 (2) ) which requires proponent in the event of a contest, to "forthwith file all other writings in his possession or control purporting to be a will of the decedent."

■ The question of res adjudicata raised by caveators will not be discussed further than to say that it has no application to the present controversy, because there is no identity of subject matter. The facts and circumstances surrounding the execution of the will of November 4 and the mental condition of deceased at that time are essentially different from the circumstances connected with the execution of the will of November 12. The conclusiveness of the judgment admitting the will of November 4 to probate is confined to that particular transaction. It may further be observed that the defenses of estoppel and res adjudicata now raised by caveators were stricken from the caveat by order of the county court. Caveators apparently acquiesced in this ruling and did not amend their caveat on appeal to the district court, and, in accordance with the long-established rule, that where the district court has had no opportunity to pass upon a question, it may not be urged here.

Under the rule laid down in *Young v. McLaughlin,* 126 Colo. 188, 247 P. (2d) 813, the hospital records that caveators attempted to introduce were inadmissible as being confidential information or hearsay.

It was for the court to determine whether the document presented as a will was executed in accordance with the formalities required by the law of the state, and if the court so determined, it was proper that it so instruct the jury. Our discussion and determination of the questions presented here, discloses that the denial of the motion for a new trial, based upon virtually the same grounds, was proper.

In accordance with the views herein expressed, the judgment is affirmed.