No. 19,033.

FRANK O'BRIEN, PROPONENT, ETC., ESTATE OF MAY A. PAIGE, DECEASED *v.* LEE WALLACE, ADMINISTRATOR, ETC.
(359 P. [2d] 1029)

Decided January 16, 1961. Rehearing denied March 20, 1961.

Mr. FOSTER CLINE, Mr. CARL CLINE, for plaintiff in error.

Messrs. DICKERSON, MORRISSEY AND DWYER, for defendant in error.

*In Department.*

PER CURIAM.

THE parties appear here in reverse order of their appearance in the trial court where plaintiff in error, to whom we will refer as O'Brien or proponent, sought to have admitted to probate a document purporting to be the last will of May A. Paige. Defendant in error, to whom we will refer as Wallace or caveator, appeared and contended that said document was not the last will of May A. Paige for two reasons, in substance as follows:

1. That the document was not and is not executed in accordance with the requirements of Colorado law governing the execution of wills.

2. That May A. Paige, at the time of the execution of the document offered for probate, lacked the mental capacity necessary to make a will.

These two issues (also a third — undue influence) were presented in a previous trial, and the judgment entered after said trial was reviewed by this court in *O'Brien v. Wallace,* 137 Colo. 253, 324 P. (2d) 1028. That

judgment was reversed and the cause remanded for retrial in conformity with the views therein expressed.

The case was retried before a jury which returned a general verdict finding that the document offered for probate was not the last will of May A. Paige. Judgment was entered in conformity with the verdict, and the matter is again here for review on writ of error.

O'Brien urges three grounds for reversal:

1. That the court should not have submitted to the jury the question as to whether the will was executed in accordance with Colorado law;

2. that the court should not have submitted to the jury a general verdict including two questions:

(a) proper execution of the will;

(b) competency of the testatrix at the time she executed the will;

3. that under the evidence presented the court should have ordered the caveat dismissed and the will probated.

■ A review of the testimony shows that the will was executed in accordance with statute (C.R.S. '53, 152-5-3), although some effort was made to attack the credibility of the subscribing witnesses. However, no issue of fact sufficient to go to the jury was created. The requisites for proper execution of a will were established and the will, including the attesting clause, was proved by competent evidence. The instrument purporting to be the will of May A. Paige, deceased, was an instrument of writing and there was no contention that the signatures were not those of the testatrix and subscribing witnesses, or that they were not affixed thereto in conformity with law. In such circumstances a presumption of the due execution of the will arises from its attestation. 57 Am. Jur. 576, 600; 76 A.L.R. 617; *Estate of Hurley,* 79 Colo. 347, 245 Pac. 711. Such presumption is, of course, rebuttable, but here there was absolutely no evidence presented which tended to contradict any of the facts establishing due execution of the will. There was no issue of fact to be resolved.

■ The burden is upon the proponent of a will to meet the requirements of statute if the will is to be admitted to probate. *Estate of Eder,* 94 Colo. 173, 29 P. (2d) 631. And where, as here, proof of due execution has been made and no evidence presented to the contrary, it is the duty of the court to hold as a matter of law that the will was properly executed, and to remove that question from the jury's consideration. *Estate of Piercen,* 118 Colo. 264, 195 P. (2d) 725; *Estate of Deeds,* 133 Colo. 85, 293 P. (2d) 643.

In the present case, the court presented the issue of the proper execution of the will to the jury over the objections of proponent. There was no such issue of fact and the court committed error in so doing. *Herdt v. Darbin,* 126 Colo. 355, 249 P. (2d) 822; *Reynolds v. Hart,* 42 Colo. 150, 94 Pac. 14; *O'Brien v. Wallace,* 137 Colo. 253, 324 P. (2d) 1028.

Here the error was compounded by the court submitting the case to the jury with instructions to return a general verdict which included not only the question of proper execution of the will, but that of the competency of the testatrix as well.

■ A general verdict upon distinct issues raised by several pleas cannot be sustained if one of the issues should not have been submitted to the jury. Here we have no way of knowing upon which of the issues submitted the jury reached its conclusion. It may have decided that May A. Paige was competent but that the will was improperly executed; such a verdict could not stand for there was no testimony to sustain a finding of improper execution.

*D. & R. G. Ry. Co. v. Sipes,* 23 Colo. 226, 47 Pac. 287; *Staten v. Famularo,* 81 Colo. 121, 253 Pac. 1066; *Arnold v. Estate of Farnham, et al.,* 75 Colo. 382, 225 Pac. 855; *Colorado Kenworth Corporation v. Henry Clay Whitworth,* 144 Colo. 541, 357 P. (2d) 626.

The evidence with regard to the competence of the

testatrix at the time she executed the will in question was sufficient to warrant the submission of that question to the jury for its determination.

The judgment is reversed and the cause remanded for retrial in conformity with the views herein expressed.

MR. CHIEF JUSTICE HALL, MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE concur.