## No. 9864.

### JONES v. THE PEOPLE.

Decided January 10, 1921. Rehearing denied February 7, 1921.

Plaintiff in error was convicted of statutory rape.

*Affirmed.*

1. CRIMINAL LAW—*Rape—Uncorroborated Testimony of Prosecutrix.* The fact alone, that a conviction of statutory rape rests upon the uncorroborated testimony of the prosecuting witness, is insufficient to require a reversal.

2. APPEAL AND ERROR—*Findings of Fact.* Findings of a jury on conflicting evidence will not be disturbed on review.

3. CRIMINAL LAW—*Proof of Venue.* Venue in a criminal case need not be proven by direct evidence.

*Error to the District Court of Kit Carson County, Hon. Arthur Cornforth, Judge.*

Mr. LOUIS VOGT, Mr. P. B. GODSMAN, for plaintiff in error.

Mr. VICTOR E. KEYES, Attorney General, Mr. CHARLES SHERRICK, Assistant, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error (hereinafter referred to as defendant), a married man of the age of 44 years, was tried in the lower court on an information of three counts, each of which charged a statutory rape on a twelve year old girl. He was convicted on each count and sentenced. From that judgment he brings error.

It is said that a new trial must be ordered for two reasons, First, because the verdict is not supported by the evidence; Second, because the venue was not proven.

If, as defendant insists, this conviction rested on the uncorroborated testimony of the prosecuting witness, that

fact alone would be insufficient to require a reversal. *Mc-Queary v. People,* 48 Colo. 214, 219, 110 Pac. 210; *Dickens v. People,* 60 Colo. 141, 146, 152 Pac. 909. This record however discloses considerable corroboration. Not, it is true, by direct evidence, (rarely obtainable in such cases) but by proof of surrounding facts, circumstances and conditions, which point to defendant's guilt, and which should, and doubtless did, have a controlling influence with the jurors. The evidence of the prosecuting witness was detailed and definite. It was unshaken save in a minor particular. It is corroborated as above indicated. It is flatly contradicted by defendant and some of his witnesses. Under such circumstances the fact was for the jury and its finding will not be disturbed. *Hallack et al. v. Stockdale et al.,* 14 Colo. 198, 200, 23 Pac. 340.

The prosecuting witness testified that each of these offenses was committed in a certain jewelry store, and counsel for defendant contends that this store was not shown to be located in the County of Kit Carson where the trial was had. Venue need not be proven by direct evidence. *Brock v. People,* 67 Colo. 389, 176 Pac. 744. If the rule were otherwise the proof is sufficient. This witness testified that she lived in the town of Stratton in Kit Carson County. "Q.—And where is this jewelry store relative to the main business street of Stratton, is it on the main street or on some side street?" "A.—It is on the main street."

Finding no reversible error in this record the judgment is affirmed.

MR. JUSTICE SCOTT not participating.