No. 16,829.

WESNER *v.* THE PEOPLE.
(250 P. [2d] 124)

Decided October 20, 1952.

Messrs. MOYNIHAN-HUGHES-SHERMAN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAW-

RENCE HINKLEY, Deputy, Mr. NORMAN H. COMSTOCK, Assistant, for the people.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF, as defendant, was informed against on June 13, 1951, for feloniously assaulting a child under the age of sixteen years, to wit, of the age of seven years, and for taking indecent and improper liberties with the person of such child on or about the second day of June 1951. After appointment of counsel to represent defendant, he was arraigned and entered a plea of not guilty on July 23, 1951. In October following, the district attorney asked leave to amend the information by adding two more counts, one to the effect that defendant did willfully and feloniously entice and lure the child in question into a room or shop for the purpose of taking immodest, immoral and indecent liberties with such child; the other count was to the effect that at said time and place defendant did take immodest, immoral and indecent liberties with said child. Leave was granted to amend as outlined and a plea of not guilty was entered as to the additional counts. Trial was had to a jury on November 6, which returned a verdict of guilt as to the charge in the second and third count of the amended information. Application for probation was denied; present counsel for defendant entered their appearance on November 13, 1951, and thereafter filed motion for a new trial and motion for arrest of judgment; both motions were overruled by the court and defendant was sentenced to a term of not less than five, nor more than eight years on each count in the state penitentiary, the sentences to run concurrently.

Defendant is at liberty on bail and in the prosecution of this writ of error, relies on the following asserted

errors of the trial court: 1. The trial court erred in allowing the prosecuting witness, the seven-year old child, over the objections of counsel, to testify, because the child was not qualified to testify under the provisions of section 8, chapter 177, '35 C.S.A., and did not realize the obligation of an oath; 2. The trial court erred in failing to examine said child as to her competency; 3. Error was committed in refusing to allow counsel to cross-examine the prosecuting witness as to the commission by her of previous indecent acts with other individuals, and as to her statements to that effect made to other people; 4. The prosecution was erroneously allowed to introduce evidence of such other indecent offenses, and the court erred in instructing the jury that such evidence could be considered in corroboration and explanation of the act charged with the purpose of establishing design, intent and motive; 5. Error as to the admission of certain pictures and photographs.

These questions were all properly raised in the motion for new trial, however, the record does not show defendant's objections in some instances as to these matters during the course of the trial. The record discloses that defendant was sixty-seven years old; had been married about forty-one years; had two children and four grandchildren; that he was living with his wife, who was hospitalized about a month before the alleged crime; that the child involved lived across the alley from defendant's home, and the other children lived in the immediate vicinity. So far as is shown by the testimony, defendant was a retired railroad employee, and had never been in any difficulty before this incident.

The child, as prosecuting witness, testified that she went to defendant's home on the date alleged on the promise of some candy; that he took her up to a small room over the garage and locked the door and committed an indecent act on her person; showed her indecent pictures and an indecent object. The defendant flatly denied this charge. Other testimony, admitted over objec-

tions, is to the effect that within two or three days thereafter, the same kind of indecent acts were performed in the presence of a neighbor girl of the same age as the prosecuting witness, and her brother, who is deaf and dumb. This also was denied by defendant.

We are conscious of the fact that these revolting crimes are easily charged and the truth relative thereto is generally accepted when it comes from the mouth of a child of tender years, and by reason thereof, an absolving defense is difficult to establish. Abhorrence is the natural reaction of jurors in such instances. Realization of the fact that an innocent man can, for these reasons, be convicted, and at the same time realizing that our youth must be protected against the subnormal inclinations of some men, we emphasize the fact that we have scrutinized every part of the record to determine whether or not defendant had a fair trial, or whether the verdict of guilt is one of passion and prejudice.

■■ The charges in the information are supported only by the testimony of the seven-year old girl as prosecuting witness. That convictions may be so sustained we have followed the majority rule. *Dickens v. People,* 60 Colo. 141, 152 Pac. 909; *Jones v. People,* 69 Colo. 500, 195 Pac. 526. In so doing, this court has exacted great caution in the determination of the competency of a witness falling within the conditional bar of the following statute, the second paragraph of section 8, chapter 177, '35 C.S.A.: "Children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined or of relating them truly." This court has many times said that the competency of the child as a witness under this statute is a question that is addressed to the sound discretion of the trial court, whose duty it is to examine such child, without interference of counsel, to determine competency and unless there is a great abuse of this discretion, the trial court's ruling thereon should not be disturbed.

Without relating the voir dire examination of the

witness in question, we are inclined to say that it was not as exhaustive as it might have been; however, the trial court was making the observation and if, on a limited examination by the court, the child was permitted to testify and its testimony discloses that on the whole she was capable of receiving just impressions of the facts respecting which she was examined, and that she related them truthfully, and when it is further disclosed that she had an idea of the obligation of an oath in connection therewith, then it is at once apparent that the quick judgment of the trial court was correct and no prejudice to the defendant occurred by the brief voir dire examination. Upon the record, assignments Nos. 1 and 2 herein set out, are without sufficient base for a reversal of the judgment and conviction.

As to the third assignment, to the effect that error was committed in refusing to allow defense counsel to cross-examine the prosecuting witness as to the commission by her of previous indecent acts with other individuals and as to her statements to that effect made to other people, it is true that she had been asked on direct examination by the district attorney if she had ever "done that before" and her reply was, "No." It is contended by counsel for defendant that this cross-examination was directed to the credibility of the witness. The fallacy of this argument lies in the fact that the proposed interrogation was about an immaterial matter so far as any issue in the case was concerned, or its relation to the charge in the information. The facts proposed to be inquired about were collateral and defendant would not be entitled to introduce them as a part of his defense in establishing a not guilty plea. *Montgomery v. People,* 117 Colo. 118, 184 P. (2d) 480, and cases therein cited.

The most difficult question is the final assignment to the effect that the people were erroneously allowed to introduce evidence of other subsequent indecent offenses and that the court erred in ruling that

such evidence would be considered in the corroboration and explanation of the act charged for the purpose of establishing design, intent and motive. No objection was made at the trial as to the admission of such evidence, and no exception was taken to the giving of an instruction supporting the court's ruling as to these subsequent offenses, however, it was raised in the motion for a new trial.

It cannot be disputed that the general rule is that evidence which shows or tends to show that the accused has committed a crime wholly independent of the offenses for which he is on trial is not admissible. However, in this jurisdiction, as well as in nearly all others, it is well established that the exception to the general rule is as important as the rule itself, and where the facts of the subsequent similar offense point to intent, scheme, design and plan, and are not too remote, such evidence is admissible. *Perry v. People,* 116 Colo. 440, 181 P. (2d) 439. It seems that there is no distinction between sexual crimes and other crimes so far as the rule and its exception are concerned unless it is that the similar offense is limited to acts between the complaining witness and defendant. The similar subsequent offense here involved occurred five or six days after the crime charged in the information and was identical and perpetrated upon the same little girl, the prosecuting witness, and moreover, in the presence of another child of the same age.

As already said, the subsequent offense here referred to was not remote in point of time or place, but from the testimony—we will not relate the sordid details thereof —it appears that it was under very similar circumstances, in the same surroundings and with the prosecuting witness. In other types of criminal offenses such as burglary, evidence of other burglaries committed under like conditions and in the same manner and tending to show a definite pattern, is admissible to show a general purpose, plan, intent and design. In sexual crim-

inal offenses, such as we have before us, it is not so much the matter of revealing the plan, scheme or design and intent of the normal mind with criminal tendencies as it is to establish the unfortunate sexual perversions of the person charged, and evidence of the subsequent offense so closely following the offense charged in the information would have a persuasive tendency to throw light upon the unnatural sexual abnormality of the person accused and therefore would be, in a measure, corroborative of the testimony concerning the offense charged in the information. For these same reasons, the admission of certain exhibits, which were pictures found in the possession of defendant and which had been exhibited to the prosecuting witness, and were of such a nature as to be repulsive to all sense of decency, was not erroneous.

The judgment is affirmed.

MR. JUSTICE KNAUSS not participating.