No. 17,470.

HOOD *v.* THE PEOPLE.

(277 P. [2d] 223)

Decided November 29, 1954. Rehearing denied December 20, 1954.

Mr. IVOR O. WINGREN, Mr. BART W. O'HARA, Mr. CHARLES A. MURDOCK, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, Mr. NORMAN H. COMSTOCK, Assist-

532

ant, for the People.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error, hereinafter referred to as defendant, was charged in an information with: (1) assaulting a female child under the age of 16 years and taking indecent liberties with her person; (2) that he allured and persuaded said child into a room, office or other place for the purpose of taking such indecent liberties; (3) that defendant did take indecent liberties with the person of said female child; and (4) that he attempted to take indecent liberties with the person of said female child, all on the 5th day of November, 1952.

To these charges defendant entered pleas of not guilty. Upon trial of the action, the court withdrew the second count from consideration by the jury. The other counts were submitted to the jury and a verdict of guilty on count three was returned. Motion for new trial was overruled and sentence imposed. Defendant brings the cause here by writ of error, seeking reversal of the judgment. Counsel for defendant urge: (a) That the trial court erred in holding that the nine year old prosecutrix was a qualified witness; (b) that the trial court erred in admitting testimony concerning alleged similar offenses; (c) that the trial court erred in refusing defendant's tendered instruction No. 2; (d) that the trial court erred in not submitting a not-guilty form of verdict on each count submitted to the jury.

Defendant is a man forty-six years of age; the complaining witness at the time of the trial was nine years of age. Before she was permitted to testify the trial judge interrogated her at considerable length and determined from her answers to his questions that the girl was a qualified witness and knew the significance

of an oath. It is agreed by counsel that the competency of a witness in any case turns upon the facts in the particular inquiry. The pertinent portion of our statute disqualifying certain witnesses is as follows: "Second. Children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined or of relating them truly." Section 8, chapter 177, '35 C.S.A.

In the instant case the trial judge ascertained from the complaining witness that she attended school, as well as church; that she was up with her class, and had an adequate comprehension of the proceeding then pending before the court, as well as the solemnity of an oath, and her duty to detail truthfully the facts about which she was to testify. We have read carefully the record so made and must conclude that the trial judge fully and adequately examined into the qualifications of the nine year old witness and that she did not come within the exception mentioned in paragraph "second" of section 8, supra.

Rulings of this kind will not be disturbed unless on review it appears from the voir dire examination of the child, or by its testimony, that the trial court abused its discretion. In *Pillod v. People,* 119 Colo. 116, 200 P. (2d) 919, we affirmed a conviction for taking indecent liberties. There, the complaining witness was a girl six years of age. In *Wesner v. People,* 126 Colo. 400, 250 P. (2d) 124, the child was seven years of age. We there said: "This court has many times said that the competency of the child as a witness under this statute is a question that is addressed to the sound discretion of the trial court, whose duty it is to examine such child, without interference of counsel, to determine competency and unless there is a great abuse of this discretion, the trial court's ruling thereon should not be disturbed."

In the instant case the jury heard not only the testimony of the nine year old girl, but that of her eleven

year old brother, who testified that he was an eye witness to the offense.

The trial judge instructed the jury in part as follows: "You are further instructed that you are to weigh the evidence of the witness (prosecutrix) with the utmost care and caution, together with all the evidence in the case."

We must conclude that the complaining witness was competent under this record.

The trial court admitted evidence of a similar offense allegedly indulged in by defendant with the complaining witness prior to the date alleged in the information. At the time this testimony was admitted the jury was instructed concerning the specific purpose for which it was offered, and again by a written instruction the jury was told of the limited purpose for which the evidence was admitted, and further that the defendant could not be tried for or convicted of any offense not charged in the information. We conclude that the trial court did not err in permitting the introduction of this evidence. See, *Shier v. People,* 116 Colo. 353, 181 P. (2d) 366; *Schneider v. People,* 118 Colo. 543, 199 P. (2d) 873; *Perry v. People,* 116 Colo. 440, 181 P. (2d) 439. We have carefully read the record and cannot say that the evidence offered as to this other offense was vague and uncertain.

Defendant's tendered instruction No. 2 reads as follows: "The defendant in this case was under no duty to make any statement while under arrest or in custody and his failure to make any statement in this case should not be considered as any evidence against him."

On direct examination, the prosecutrix testified that the defendant told Captain Stanley at the Police Building: "I have nothing to say at this time until I see my lawyer." On motion of defendant's counsel, this testimony was stricken and the jury was instructed to disregard it. Thereafter, on cross-examination of defendant, when defendant was recalling who was present at the police investigation, the following question was pro-

pounded: "Q. Was that the time when you told Captain Stanley—was—that the time that you didn't tell Captain Stanley anything? A. That's right." The record shows no objection to either the question or answer thereto. Here we have nothing to indicate even remotely that the accusing person, or anyone else, on the occasion in question made statements in the presence of defendant implicating him in the commission of a crime. The question and answer above quoted were probably immaterial, and were without probative force. We repeat, no objection thereto was made.

■ We said in *Walker v. People*, 126 Colo. 135, 248 P. (2d) 287: "We have many times held that the admission of evidence, which cannot have influenced the jury, is harmless. *McQueary v. People*, 48 Colo. 214, 217, 110 Pac. 210; and that, 'mere possibility of prejudice is insufficient to warrant a reversal.' *O'Laughlin v. People*, 90 Colo. 368, 380, 10 P. (2d) 543."

We perceive no prejudice because this instruction was refused.

■ Finally, it is argued that the trial court erred in not submitting a separate form of not guilty verdict on each of the counts considered by the jury. The trial court submitted one form of not guilty verdict, which read: "We, the jury, find defendant William Milton Hood, Not Guilty as charged in the Information herein." The court gave three separate forms of guilty on the first, third and fourth counts. The jury was instructed not to consider the charge embraced in count four unless it found defendant not guilty of one or both of the offenses set forth in counts one and three.

The prosecution relied on conduct of the defendant on November 5, 1952, which the District Attorney charged under four counts as constituting separate phases of the same act. The defendant, by his attorney, denied any improper conduct toward the little girl. To have submitted separate forms of not guilty verdicts as to each count would have been mere surplusage. One

form of not guilty verdict was submitted and as the jury concluded that under the evidence and the instructions of the court, defendant was guilty of the offense charged in count three, we conclude that there was no prejudicial error in not submitting additional forms of not guilty verdicts.

Able counsel represented defendant upon the trial of this cause. Each and every right of the defendant was conscientiously protected by his attorneys. The trial judge fully and fairly instructed the jury and no objection is here made concerning any instruction submitted to the jury. The jury had the opportunity to, and did, evaluate the testimony offered by the People, as well as that submitted by the defendant, and on their oaths found defendant guilty of taking indecent liberties. The record amply justifies the verdict and we observe nothing which indicates that the prosecutrix, or her brother, were "coached" witnesses, or that defendant did not have a fair and impartial trial. No prejudicial error appearing in the record, the judgment must be affirmed.