No. 22946.

GEORGE S. GODFREY, JR. *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(451 P.2d 291)

Decided March 3, 1969.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Paul D. Rubner, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Hodges.

Plaintiff in error, hereafter called defendant, was charged in an information with three counts: (1) that he *assaulted* a child under the age of 16 years with the intent to take indecent and improper liberties with his person; (2) that he took *indecent and improper liberties with the person of the child*; and, (3) that the took *immodest and immoral liberties with the child*. The alleged victim was a 14-year old boy.

Defendant pleaded not guilty to the charges. At the conclusion of the People's case, the trial court found there was no assault as a matter of law, and granted the defense motion for judgment of acquittal on the first

count. The remaining two counts were submitted to the jury, which returned verdicts of guilty on both counts. Judgment of conviction was entered on the guilty verdicts and concurrent sentences were imposed.

Defendant brings this writ of error urging three grounds for reversal: (1) The evidence is insufficient to support the guilty verdicts; (2) the trial court erred in admitting evidence of a similar offense by defendant; and, (3) defendant could not properly be found guilty on both counts, because the evidence showed a single offense.

As to the first assignment of error, it has long been established and frequently declared that this court in a criminal case cannot substitute its judgment for that of the jury on the weight of the evidence and credibility of the witnesses. As early as 1898, the court stated in *Mitchell v. People*, 24 Colo. 532, 52 P. 671:

"The jury were the judges of the credibility of the witnesses, and of the weight to be given to their testimony; and having found the defendant guilty upon testimony which, if true, clearly establishes his guilt, we are not at liberty to disturb their finding."

The rule thus stated in the *Mitchell* case applies with equal validity to the case at bar. This court cannot invade the province of the jury by making a re-determination on conflicting evidence. *Duran v. People*, 162 Colo. 419, 427 P.2d 318, *Neighbors v. People*, 161 Colo. 587, 423 P.2d 838, *Balltrip v. People*, 157 Colo. 108, 401 P.2d 259. The jury having apparently believed the testimony of the prosecuting witness, and disbelieved both the defendant's direct denial and the "alibi" testimony, we, as a reviewing court, are not at liberty to usurp the jury's function.

For his second assignment of error, defendant urges that the trial court erred in admitting evidence of an alleged similar offense by defendant. Defendant relies on *Dockerty v. People*, 74 Colo. 113, 219 P.220 to support his contention. But in *Dockerty* the evidence of similar

offenses related to acts with a person other than the complaining witness, and the evidence was held inadmissible. This rule has recently been confirmed as the Colorado rule in *Huerta v. People,* 168 Colo. 276, 450 P.2d 648.

 The instant case differs significantly from the *Dockerty* and *Huerta* cases. Here, the evidence of a similar offense related to acts allegedly committed by defendant with respect to the prosecuting witness. In Colorado, evidence as to other similar offenses committed by the accused against the same child is admissible in prosecutions for taking indecent liberties with the child. *Hood v. People,* 130 Colo. 531, 277 P.2d 223, *Wesner v. People,* 126 Colo. 400, 250 P.2d 124. Moreover, at the time that the testimony concerning the prior offense was admitted, the trial court instructed the jury that the evidence was admissible for the limited purpose of showing a plan, scheme or design to commit the act charged. The jury later received written instruction to the same effect and were further instructed that defendant could not be tried or convicted of any offense not charged in the information. We conclude that the trial court properly admitted the evidence of a similar offense allegedly committed by defendant with the prosecuting witness prior to the date charged in the information.

██ For his final assignment of error, defendant urges that he was improperly convicted on two counts. Defendant argues that the trial court erred in overruling defendant's motion to require the prosecution to elect between the counts, and further erred in not giving an instruction on alternative verdicts to the jury with respect to the counts. Defendant contends that he could not be found guilty on both counts, because the evidence disclosed a single offense. Defendant was charged under 1965 Perm. Supp., C.R.S. 1963, 40-2-32, and we hold that subsection (1) and subsection (2) thereof state distinct offenses: the former relates to indecent liberties *with the person* of a child, either with or without an assault; and the latter declares that a person who takes immodest,

immoral liberties *with a child* shall be deemed a felonious *assaulter*. It is clear that subsection (1) requires a physical contact with the child, whereas subsection (2) does not. In the instant case, there was evidence, which the jury obviously believed, of an indecent act with the person of the boy and thereafter on the same day of a separate immoral liberty with the boy, not involving physical contact. There were therefore separate and distinct offenses involved.

Judgment affirmed.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE PRINGLE concur.