Opinion by
Mr. Justice Hodges.
Plaintiff in error, hereinafter referred to as defendant, was tried by a jury and found guilty of unlawfully mortgaging the same television set to two different mortgagees in violation of C.R.S. 1963, 21-1-14 (now repealed). Motion for new trial was denied, judgment was entered on the verdict, and defendant was placed on probation. Thereafter, defendant moved the court to appoint an attorney for him, as an indigent person, and to initiate a review of his conviction. At the hearing on this motion, the trial court appointed counsel for this purpose, but found that defendant’s application for appointment of counsel to seek review by writ of error was inconsistent with probation; and therefore, from the bench, declared that defendant’s probation was revoked.
Defendant brings this writ of error, based on two contentions: (1) His conviction should be reversed because the evidence is insufficient to establish defendant’s intent to steal; and, (2) the trial court erred in revoking defendant’s probation.
As to the defendant’s first contention, we have reviewed this record in detail and find that sufficient evidence was presented to support a verdict of guilty of the offense charged. The defendant’s argument as to the character of the intent required to be shown is moot, because the record here reveals that the jury was adequately and fully instructed on the issue of intent by Instructions No. 4 and 9.
 We also note that defendant’s counsel in his brief appears to set up as a controlling proposition that *98 defendant’s mistake or inadvertence in executing two mortgages on one item of personal property would negative any intent. With this basic proposition we agree, but add, that the determination of whether mistake or inadvertence was established is for the fact finder, which in the case at bar was the jury. Here, the defendant offered his testimony to support his defense of mistake or inadvertence, which was to the effect that he had signed the second mortgage in blank but didn’t know how the description and serial number of the television set subsequently managed to appear on this mortgage. However, the jury by its guilty verdict obviously disbelieved the defendant and adopted the People’s evidence. Such is the prerogative of the jury and does not warrant a reversal of the case. Hamilton v. People, 63 Colo. 314, 165 P. 761. This court has repeatedly held, most recently in Dodge v. People, 168 Colo. 531, 452 P.2d 759, that:
“the evidence, with reasonable inferences therefrom, must be viewed in the light most favorable to the jury’s verdict; the jury is assumed to have adopted that evidence which supports its verdict; and, the jury having found the guilt of the accused proved beyond a reasonable doubt, this court will neither weigh the evidence nor appraise the credibility of witnesses.”
See also, Godfrey v. People, 168 Colo. 299, 451 P.2d 291, Duran v. People, 162 Colo. 419, 427 P.2d 318, Wilson v. People, 143 Colo. 544, 354 P.2d 588, Davis v. People, 112 Colo. 452, 150 P.2d 67.
 We agree with defendant’s second contention that the trial court erred in revoking defendant’s probation. Colorado has an explicit and mandatory statutory procedure — C.R.S. 1963, 39-16-9 — for revocation of probation, which was not complied with in the instant case. Under the statute, the probation officer must file a written report stating that a violation of probation terms has occurred, and within 15 days thereafter, the court must conduct a hearing to determine whether a violation has in fact occurred. In the case at bar, at the conclusion *99 of a hearing on the motion of defendant, as an indigent person, for counsel to be appointed to appeal his conviction, the trial judge revoked defendant’s probation.
Not only was the statutory procedure for revocation not followed, but no evidence was presented to show that defendant had violated any of the terms of his probation. The sole basis declared by the trial court for revocation was that defendant’s application for counsel to initiate writ of error proceedings was “inconsistent with probation.” We must disagree with this conclusion, because of its punitive effect upon defendant’s lawful exercise of his substantial right to have his conviction reviewed.
The People argue that the clerk’s minute order shows that defendant’s probation was cancelled, rather than revoked. Such a distinction is specious. The trial judge in open court declared that defendant’s probation was “revoked.” Whichever descriptive verb is used, the facts are unchanged; before the court’s order, defendant was on probation; after the court’s order, defendant was no longer on probation. This result occurred without the requisite statutory hearing.
The judgment of conviction is affirmed; however, the court’s order revoking or cancelling defendant’s probation is reversed, and the cause is remanded for reinstatement of probation.
Mr. Chief Justice McWilliams and Mr. Justice Day concur.