**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Carol Ellsworth MARTIN, Defendant-Appellant.**

No. 78–888.

Colorado Court of Appeals, Div. I.

July 19, 1979.

Rehearing Denied Aug. 16, 1979.

Certiorari Denied Nov. 13, 1979.

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Clawson & Potter, P. C., H. Clifford Potter, Colorado Springs, for defendant-appellant.

STERNBERG, Judge.

Defendant, Carol Ellsworth Martin, was convicted on four counts of sexual assault on a child based on alleged acts of sexual intercourse occurring between November 1977 and February 1978 and involving two of his nieces who were among the members of his household at that time. On defendant's appeal, we reverse.

His first contention of error is that the trial court should not have admitted testimony relating to instances of sexual intercourse with the complaining witnesses which allegedly occurred before the time specified in the charges. Martin argues that this testimony was so prejudicial as to deny him a fair trial, and that the procedures set forth in the statute governing admission of evidence of prior offenses, § 16–10–301, C.R.S.1973 (1978 Repl. Vol. 8), were violated. We do not agree.

During direct examination, one of the complaining witnesses was asked if she had told Martin's wife about the instance of sexual intercourse with which Martin was charged. The witness responded affirmatively, saying, "Three years ago." Similarly, the other complaining witness, when asked the same question, this time by defense counsel, referred to informing Mrs. Martin about an incident three years ago

but not the current one. On both occasions the court instructed the jury to disregard the answers as being outside the scope of its consideration. Consequently, we hold that the statute was not violated, and the testimony was not so unduly prejudicial as to require reversal in view of the presumption that the jury followed the instruction. *See People v. Scheidt*, 182 Colo. 374, 513 P.2d 446 (1973).

However, Martin's next assertion has merit. It relates to testimony which indicated that he was the father of three young children of a third niece who also resided in his home. We view this testimony as being so prejudicial as to require reversal. This testimony first came up when the prosecutor was questioning one complaining witness regarding the identity of the various members of the Martin household. The witness explained that three of the young children living in the Martin home were the children of her older sister and Martin. Martin's counsel objected, and the court overruled the objection. No curative instruction was given either at the time of this testimony, nor when the case was submitted to the jury.

While under § 16–10–301, C.R.S.1973 (1978 Repl. Vol. 8), evidence of similar acts is admissible in instances where the evidence is relevant and its evidentiary value outweighs prejudice to a defendant, nevertheless, it is a fundamental concept of criminal law that an accused is not to be convicted of one offense by proof that he is guilty of another. *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959).

In this instance the testimony in question revealed an unsavory situation of a highly prejudicial character and was without probative value relevant to the offenses charged as there was no need for the jury to know the parentage of the other children in the household. Moreover, the lack of limiting instructions, even though not tendered by defense counsel, is in direct contravention of § 16–10–301(3), C.R.S.1973 (1978 Repl. Vol. 8), which states "the trial court shall" give two limiting instructions

in instances such as this. *See People v. Honey*, Colo., 596 P.2d 751 (1979); *Pigford v. People*, Colo., 593 P.2d 354 (1979); *Stull v. People, supra.*

Furthermore, the situation was exacerbated when, on cross-examination of Martin, the prosecutor went into the subject in great detail. In a series of questions he asked Martin:

"Okay, her [the elder niece non-complaining witness] three children are your children also?"

"Her children are your children also?"

"Who is the mother of your children?"

"Don't you think its wrong to have children by [the niece]?"

"Was that wrong?"

"But you did it anyway, didn't you?"

"You did it anyway, didn't you?"

Martin's counsel objected to this line of questioning, but the court permitted it and again no limiting instruction was given.

This inflammatory cross-examination served only to heighten the danger that the jury might convict Martin on the basis of unrelated past acts. Thus, this improper cross-examination was so highly prejudicial as to deny Martin a fair trial.

Our conclusion that this cross-examination also requires reversal finds support in *People v. Ihme*, 187 Colo. 48, 528 P.2d 380 (1974), where the court, although not reversing a conviction, states that it would be error to allow a defendant to be cross-examined on other offenses not connected to an offense with which a defendant is charged.

The judgment is reversed and the cause remanded for a new trial.

COYTE and VAN CISE, JJ., concur.