## No. 79SA264

### The People of the State of Colorado v. George Whitesel

(615 P.2d 678)

Decided August 18, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Sarah Scott Sammons, Assistant Attorney General, for plaintiff-appellee.

Woodrow, Roushar, Weaver & Withers, Frank J. Woodrow, for defendant-appellant.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

The defendant was convicted of sexual assault on a child by the use of force, intimidation or threat, a class 3 felony. Section 18-3-405, C.R.S. 1973 (1978 Repl. Vol. 8). The victim, the defendant's eleven-year-old daughter, testified at trial that the defendant entered her bedroom late one evening and had sexual contact with her. She also testified, over defense counsel's objections, that there had been numerous other similar incidents during the prior six-month period.

At the close of all the evidence, defense counsel challenged the sufficiency of the evidence of the use of force, intimidation or threat against the victim to support the class 3 felony charge and urged the trial court to enter a judgment of acquittal on this charge. The trial court ruled there was sufficient evidence on this charge and therefore instructed the jury on this offense and the lesser offense of simple sexual assault on a child, a class 4 felony. The jury returned a guilty verdict on the class 3 felony charge. We reverse and remand the cause for entry of a judgment and sentence on the lesser offense.

On this appeal, the defendant first contends that the trial court committed reversible error in allowing into evidence testimony of prior sexual episodes with the victim. We have previously rejected this same challenge, where, as here, the evidence goes to prove a common plan, scheme or design, which is admissible under section 16-10-301(1), C.R.S. 1973 (1978 Repl. Vol. 8). *See People v. Elliston,* 181 Colo. 118, 508

P.2d 379 (1973); *Godfrey v. People,* 168 Colo. 299, 451 P.2d 291 (1969); *Hood v. People,* 130 Colo. 531, 277 P.2d 223 (1954). We find no reason to reach a different result in the present case.

Secondly, the defendant questions the sufficiency of the evidence to support his conviction for the class 3 felony charge. Our review of the record supports the defendant's position. There is no evidence in this record "to support a conclusion by a reasonable mind that the defendant is guilty beyond a reasonable doubt" of the class 3 felony charge. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). Although the victim testified that she did not resist the defendant's advances because she feared his reprisal, there is no evidence in this record to indicate that the defendant used any force, intimidation or threat. To the contrary, the evidence reveals that during this particular incident, the defendant said nothing to the victim nor did he use any force to commit the sexual act. The record also reveals that at no time prior to or subsequent to this incident did the defendant do or say anything to the victim which would justify a finding by the jury that the sexual contact was obtained by the use of force, intimidation or threat. The victim, in fact, testified that the defendant "was very nice to me." In addition, the victim's fear that she would be beaten if she told anyone of the incident was shown to be unfounded when the defendant, upon learning that his daughter had told her mother of the assault, merely stated, "Tattletale, that was supposed to be yours and my secret."

Under these facts and circumstances, the trial court erred in failing to enter a judgment of acquittal on the greater offense of sexual assault by force, intimidation or threat. The evidence, however, fully supports a finding of guilt on the lesser offense. Therefore, the defendant's conviction is reversed, and the cause is remanded to the trial court for the entry of a judgment and sentence for the lesser offense of simple sexual assault on a child, a class 4 felony.