The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Thomas Lee VOLLENTINE, Defendant-Appellant.

No. 81CA0008.

Colorado Court of Appeals, Div. I.

March 25, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Stephen H. Sletta, Colorado Springs, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, the ten-year-old victim's stepfather, appeals his conviction of sexual assault on a child without force. We affirm.

Defendant's first contention is that the trial court erred in admitting testimony by the victim concerning two prior incidents of sexual molestation of the same victim by this defendant. We disagree.

■ Although evidence of wrongdoing which is entirely independent of the crime charged is normally inadmissible, *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959); *People v. Martin*, 43 Colo.App. 44, 602 P.2d 873 (1979), evidence of prior similar transactions is admissible to prove, among other things, plan, scheme, design, and motive, and this is particularly so in sexual assault cases. Section 16–10–301, C.R.S.1973 (1978 Repl.Vol. 8); *Wesner v. People*, 126 Colo. 400, 250 P.2d 124 (1952). Whether the statutory conditions for admissibility have been met is a question for the trial court's sound discretion. *People v. Pigford*, 40 Colo.App. 523, 580 P.2d 820, *aff'd*, 197 Colo. 358, 593 P.2d 354 (1979). And, where the prior transaction involved the defendant and the same victim, *Godfrey v. People*, 168 Colo. 299, 451 P.2d 291 (1969), evidence of the prior transactions will normally be admissible under the plan, scheme, or design exception. *See, e.g., People v. Whitesel*, Colo., 615 P.2d 678 (1980); *Hood v. People*, 130 Colo. 531, 277 P.2d 223 (1954).

Here, the prior transactions occurred one week and one month before the offense charged, *see People v. Elliston*, 181 Colo. 118, 508 P.2d 379 (1973), and the record reveals substantial similarity between the prior transactions and the offense charged. The prior transactions occurred in private or secluded areas, were characterized by similar threats, and involved the same parties. We agree with the trial court that evidence of the prior transactions was admissible.

■ Defendant's second contention is that the trial court erred in ruling that if defendant elected to testify at trial, he could be impeached by evidence of an earlier guilty plea in a separate case to a similar felony. We disagree.

After the acceptance of the guilty plea in question, defendant entered into a deferred sentencing stipulation pursuant to § 16–7–403, C.R.S.1973 (1978 Repl.Vol. 8). At the time of this trial, the plea had not been withdrawn, nor had the prosecution effected the revocation of the deferred sentence.

Evidence of a prior guilty plea, as evidence of a prior conviction, is admissible for impeachment purposes, regardless of whether a sentence has been imposed. *People v. Baca*, Colo.App., 610 P.2d 1083 (1980). The rationale behind this rule is that the accuracy of the guilty plea is assured by the providency hearing which precedes the plea. *People v. Baca, supra.* Both a plea leading to a normal sentence and one followed by a deferred sentence are preceded by a providency hearing. Crim.P. 11. Thus, at least until the plea is withdrawn, following the successful completion of the conditions of deferral, we see no reason to distinguish, for impeachment purposes, between a guilty plea where sentence has not yet been imposed, and a guilty plea where sentence has not been imposed under a deferred sentencing stipulation. *See U. S. v. Turner*, 497 F.2d 406 (10th Cir. 1974), *cert. denied*, 423 U.S. 848, 96 S.Ct. 90, 46 L.Ed.2d 71. *Cf. Jeffrey v. District Court*, Colo., 626 P.2d 631 (1981) (holding that the guilty plea preceding a deferred sentence resolved the issue of guilt for double jeopardy purposes). We therefore hold that evidence of a guilty plea entered in a deferred sentencing stipulation may be used for purposes of impeachment of a defendant who has elected to testify, when the plea has not been withdrawn, even though there has not been a revocation of the deferred sentence or sentence imposed at the time of trial.

■ Defendant's final argument is that the trial court erred in allowing the prosecution's expert rebuttal witness to testify. Again, we disagree.

Defendant presented, among others, two witnesses who specifically alleged, during direct and cross-examination, that the victim's testimony may have been false. The victim's mother testified that the victim was not a truthful child, and had made statements to her which were inconsistent with the child's testimony at trial. The custodial mother in the receiving home in which the victim was placed following the incident also testified that the victim was not a truthful child. During cross-examination, the prosecution attempted to show the

receiving home mother's bias by exposing her hostility toward the victim, and elicited testimony that she was upset by the victim's seductive behavior towards the men of the receiving home. The prosecution then presented the testimony of an expert who stated that girls who are victims of non-forcible molestation by adult male family members tend to display seductive behavior toward adult males in a foster home as well as in the natural home, and that the natural mother of such an assault victim tends to disbelieve the victim's report because she feels threatened by the child's usurpation of the role of wife.

Defendant's contention that the expert's testimony should have been excluded because the expert was not endorsed by the prosecution is not well taken. The requirement, contained in Crim.P. 16(II)(c), that the prosecution disclose the identity of its rebuttal witnesses under certain circumstances, is inapplicable where the rebuttal testimony is not introduced to refute a defense, but is introduced solely to impeach the credibility of a defense witness. *People v. Muniz*, Colo.App., 622 P.2d 100 (1980). Here, the expert's testimony was introduced to explain and document the bias of the defense witnesses who attacked the victim's credibility, and it was not necessary for the prosecution to endorse its witness.

■ Finally, defendant argues that the expert testimony was admitted without proper foundation because it was based on the opinions of others, because it was general in nature, and because it was not based on interviews with the victim or other personal knowledge of the facts of this particular case. We disagree.

The expert based his opinion on the assumptions that a ten-year-old female was molested in a non-violent manner by an adult male family member, and placed in a foster home containing adult males. Expert testimony may be based on the assumed truth of facts made known to the expert at the trial. *O'Brien v. Wallace*, 137 Colo. 253, 324 P.2d 1028 (1958).

We have reviewed defendant's other contentions and find them to be without merit.

The judgment of conviction is affirmed.

VAN CISE, J., concurs.

KELLY, J., dissents.

KELLY, Judge, dissenting.

I respectfully dissent. I agree with the majority's ruling on all issues, except the holding that evidence of a guilty plea entered pursuant to § 16–7–403, C.R.S.1973, may properly be admitted to impeach a defendant who has elected to testify. In my view, both the language of the statute and the policy underlying it militate against the result here reached. *See People v. Widhalm*, Colo., 642 P.2d 498 (1982); *People v. Jacquez*, 196 Colo. 569, 588 P.2d 871 (1979); *People v. Goff*, 187 Colo. 57, 530 P.2d 512 (1974).

The resolution of this issue is of particular significance here, since the defendant's revocation proceedings had been continued pending the outcome of this criminal case, as permitted by § 16–11–206(3), C.R.S.1973. *See People v. Ray*, 192 Colo. 391, 560 P.2d 74 (1977). Under the majority's ruling, the People can't lose for winning: They are permitted to use the prior guilty plea against the defendant in this prosecution, thus making more likely his conviction here and making a certainty of his revocation in the prior case. *See Campbell v. United States*, 176 F.2d 45 (D.C.Cir.1949); Comment, *Impeachment of Witnesses by Prior Convictions Pending Appeal*, 46 *U.Chi.L. Rev.* 499 (1979). Under these circumstances, I think a defendant should be permitted to testify with impunity from this kind of impeachment.

Since, in my view, the trial court's ruling has impermissibly chilled the defendant's constitutional right to testify, I would reverse the conviction and remand for new trial. I would, however, direct the trial court, on remand, to give the jury an instruction limiting the purpose of the evidence of the victim's "seductive behavior" to the question of the witness' credibility, such evidence not being admissible as an affirmative defense to this charge.