The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Charles HOLDER, Defendant-Appellant.

No. 82CA0998.

Colorado Court of Appeals,
Div. III.

Jan. 19, 1984.

Certiorari Denied Aug. 27, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Charles Holder was convicted by a jury of two counts of sexual assault on a child and one count of attempted first degree sexual assault. The charges arose from incidents involving Holder's daughter and a young female friend of the daughter. Holder appeals, arguing that the trial court erred in admitting evidence of similar transactions and in failing to give a proper limiting instruction to the jury on that evi-

dence. We reverse and remand for a new trial.

Citing *People v. Honey,* 198 Colo. 64, 596 P.2d 751 (1979), Holder argues that the testimony regarding the similar transactions was improper because these events occurred after the act charged, and because nothing about the events constituting the similar transactions indicated a motive which could not be inferred from the acts themselves. We reject both contentions.

■ The argument that the similar transactions were not relevant because they occurred subsequent to the acts charged is without merit. One of the similar transactions occurred prior to the incidents involving the victim and, as to the other two, the fact that the similar transactions followed rather than preceded the offenses charged does not deprive the evidence of relevance. *People v. Ray,* 626 P.2d 167 (Colo.1981); *People v. Wiedemer,* 641 P.2d 289 (Colo.App.1981).

■ While it is true that evidence of similar transactions is ordinarily inadmissible to prove intent, if that intent can be inferred from the commission of the acts themselves, *People v. Honey, supra,* the evidence here was admissible to show Holder's motive and guilty knowledge which were controverted issues in the case. *Pigford v. People,* 197 Colo. 358, 593 P.2d 354 (1979); § 16–10–301, C.R.S. (1978 Repl.Vol. 8). Further, both the proximity in time and the similarity in nature of the similar transactions manifested a general plan by Holder. *People v. Honey, supra; People v. Simms,* 185 Colo. 214, 523 P.2d 463 (1974).

■ Holder is correct that the jury was improperly instructed concerning the limited purpose for which it might consider the evidence of similar transactions. Prior to admission of the evidence, the trial court gave the following instruction:

"Ladies and gentlemen of the jury, the evidence you are now about to hear and the exhibits that will be received in evidence are coming in for a limited purpose. In certain instances, evidence may be admitted for a particular purpose only and for no other purpose. This evidence that you are about to hear is just such an instance. It may be used as evidence for the purpose of showing other transactions, other acts, other conduct or motives, knowledge and action on the state of the Defendant's part. (sic) You should consider it as evidence for no other purpose. For that limited purpose you may give it as much weight as you think it is entitled to."

In the written instruction at the close of the case, the court stated:

"Certain evidence was admitted for a limited purpose.

"At the time this evidence was admitted you were admonished that it could not be considered by you for any purpose other than the limited purpose for which it was admitted (other transactions, other acts, other conduct, motive and knowledge.)

"You are again instructed that you must not consider such evidence for any purpose except the limited purpose for which it was admitted."

Even if we assume the similar transaction evidence was admitted to show that the defendant had a motive for commission of the offenses charged or had knowledge of the nature of his conduct in relationship to the offenses charged, we perceive no way in which the jury could discern that these were the limited purposes for which it was permitted to consider the evidence. Indeed, the instructions given here allowed the jury to consider the other transactions as evidence of the defendant's propensity for engaging in such conduct and that he might therefore have committed the crime for which he was being tried. This is the very thing proscribed by *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959).

■ The propriety of the admission of similar transaction evidence depends on a proper instruction to the jury limiting its purpose. *Pigford v. People, supra; Stull v. People, supra.* The jury must be instructed that the defendant may not be convicted of any offense other than that charged in the charging document; it must

further be instructed as to the limited purpose for which the evidence has been admitted, and it must be instructed that this evidence is to be considered in connection with the offense charged only to prove the factor for which it was admitted. *See Mays v. People,* 177 Colo. 92, 493 P.2d 4 (1972); *Godfrey v. People,* 168 Colo. 299, 451 P.2d 291 (1969); *Jordan v. People,* 161 Colo. 54, 419 P.2d 656 (1966); *Stull v. People, supra.* The instructions given here fail in all respects.

Since the other issues raised by Holder are not apt to recur on retrial, we do not consider them.

The judgment is reversed and the cause is remanded for a new trial.

STERNBERG and BABCOCK, JJ., concur.