The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

John Patrick LEONARD,
Defendant–Appellant.

No. 91CA1546.

Colorado Court of Appeals,
Div. IV.

Nov. 4, 1993.

Rehearing Denied Dec. 2, 1993.

Certiorari Denied April 18, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Laurie A. Booras, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, John Patrick Leonard, appeals the judgment of conviction entered upon a jury verdict finding him guilty of aggravated incest. He also appeals the 12–year sentence imposed and the trial court's order denying his Crim.P. 35(c) motion for a new trial based on newly discovered evidence. We affirm the judgment of conviction and order, vacate the sentence, and remand for resentencing.

Defendant's conviction was based upon testimony by his adult stepdaughter that he had engaged in sexual intercourse with her when she was 13 years old.

At a hearing on defendant's motion in limine regarding admission of similar transaction evidence, the prosecution proposed to elicit testimony from the victim concerning seven other incidents of improper sexual contact commencing when the victim was three years of age. After addressing the requirements for admission of similar transaction evidence adopted in *People v. Spoto,* 795 P.2d 1314 (Colo.1990) and *People v. Garner,* 806 P.2d 366 (Colo.1991), the trial court concluded that the evidence was admissible to show motive, subject to giving appropriate limiting instructions to the jury.

## I.

On appeal, defendant contends that the trial court erred in admitting the similar transaction evidence. He maintains that the evidence was not admissible to establish motive because the motive is inferred from the act itself and that only one motive could be inferred from the crime, namely, sexual gratification. He further contends that the court's ruling violated all of the four requirements for admission of this type of evidence under CRE 404(b) as established in *People v. Spoto, supra.* Finally, defendant argues that the requisite similarity is lacking. We are not persuaded.

Prior to the adoption of CRE 404(b) and § 16–10–301(2), C.R.S. (1986 Repl.Vol. 8A), evidence of prior sexual assaults against the same child victim was held admissible by our supreme court in connection with proof of the charged offense on a number of occasions. *People v. Elliston,* 181 Colo. 118, 508 P.2d 379 (1973); *Hood v. People,* 130 Colo. 531, 277 P.2d 223 (1954); *see also Huerta v. People,* 168 Colo. 276, 450 P.2d 648 (1969). Ordinarily, the evidence was received for the purpose of showing a plan, scheme, or design. *See Godfrey v. People,* 168 Colo. 299, 451 P.2d 291 (1969). However, early in its jurisprudence governing admission of similar transaction evidence generally, the court also held that such evidence was "always" admissible to show the accused's motive to commit a crime. *Warford v. People,* 43 Colo. 107, 112, 96 P. 556, 558 (1908); *see also Bell v. People,* 158 Colo. 146, 406 P.2d 681 (1965).

■ Currently, similar transaction evidence is admissible in sexual assault cases to show plan, scheme, design, *modus operandi,* motive, or guilty knowledge if that evidence meets the four-part test for admissibility under CRE 404(b) and the statutory requirements of § 16–10–301(2), C.R.S. (1986 Repl. Vol. 8A). *Adrian v. People,* 770 P.2d 1243 (Colo.1989).

■ The trial court has substantial discretion in deciding the admissibility of this evidence, and only if there is an abuse of discretion will its ruling be disturbed. *People v. Czemerynski,* 786 P.2d 1100 (Colo.1990).

### A.

■ In regard to the threshold issue mandating similarity between the charged and uncharged conduct, we conclude that the trial court did not err in determining that the evidence satisfied this requirement.

The record reveals sufficient and substantial similarity between the other transactions and the offense charged. The similar transactions occurred in private places, were characterized by similar express or implicit intimidation by defendant, and involved the same parties. *See People v. Vollentine,* 643 P.2d 800 (Colo.App.1982).

Although there were differences as to the type of sexual activity performed during each incident, it is not essential that the other transactions replicate in all respects the manner in which the crime charged was committed. *People v. Garner, supra; People v. McKibben,* 862 P.2d 991 (Colo.App.1993).

The evidence indicated that, as the victim grew older, the sexual activity changed from digital penetration to sexual intercourse. Hence, we conclude that there is record support for the trial court's ruling.

## B.

We also reject defendant's contention that the evidence was not admissible because the motive for the charged act was obvious, namely, sexual gratification.

■ We recognize that evidence of uncharged conduct indicative of motive is generally admitted for the purpose of establishing identity or intent. *See* E. Imwinkelried, *Uncharged Misconduct Evidence* § 3:15 (1984). However, admission of such evidence under § 16–10–301(2) has been approved in sexual assault cases on a number of occasions as bearing on defendant's motive even though identity and intent were not at issue. *Adrian v. People, supra,* (admitted to show motive and *modus operandi* ); *People v. Holder,* 687 P.2d 462 (Colo.App.1984) (admitted to show motive and guilty knowledge); *People v. Vollentine, supra,* (admitted to show motive and plan, scheme, and design); *People v. McKibben, supra,* (admitted to show common plans, *modus operandi,* motive, and intent). Thus, while sexual gratification may be a motive in any sexual assault, as the cited cases necessarily establish, the concept of motive involves more.

In our view, the concept of motive in a sexual assault case may also address other relevant factors such as why a particular type of behavior is involved or why a particular victim is selected for the assault. Thus, evidence of motive as reflected in the occurrence of prior uncharged conduct may tend to establish the charged offense. Hence, we conclude that the trial court did not err in concluding that similar transaction evidence was admissible here on the issue of motive.

## C.

■ In applying CRE 404(b), the four-part test adopted in *People v. Spoto, supra,* requires that: (1) the evidence must relate to a material fact in the case; (2) it must be logically relevant to the material fact; (3) the logical relevance must be independent of the prohibited inference that the defendant committed the crime charged because of his criminal propensities; and (4) the probative value of the evidence substantially must outweigh the danger of unfair prejudice.

We initially address the first two requirements for admission of this evidence under the rule, *i.e.,* whether the evidence related to a material fact and, if so, whether the evidence was logically relevant in that it had a tendency to make the existence of the material fact more probable.

Here, as confirmed by the opening statement of defendant's trial counsel and the cross-examination of the prosecution witnesses, defendant's position was that the charged acts were fabricated by the victim and thus never occurred. Hence, in our view, evidence of the defendant's prior acts of assault against the victim without consequence was relevant to demonstrate that it was more probable than not that defendant had a motive to commit yet another assault and thus to demonstrate that the victim's testimony was not fabricated. *See Adrian v. People, supra.* Hence, we find no abuse of the trial court's discretion in admitting this evidence as logically relevant to a material issue in the case. *See People v. McKibben, supra.*

We next address whether the logical relevance of the evidence was independent of the intermediate inference that the defendant had a bad character.

We agree with defendant that this evidence does not describe a person of good character. *See People v. McKibben, supra* (Briggs, J., dissenting). However, the same is true in every sexual assault case, and we cannot read the pertinent cases as precluding introduction of the evidence for this reason. Conversely, as the trial court noted, because of the remoteness of the crime charged, the fact that the case turned on the testimony of the victim against that of defendant and the nature of the incident itself, the need for the evidence was compelling. *See Adrian v. People, supra.*

Because the evidence also indicates more than bad character, namely, a motive for commission of the charged offense, we con-

clude, consistent with the other cases addressing this requirement, that the trial court did not err in admitting the evidence. *See Adrian v. People, supra; People v. McKibben, supra.* To the extent that *People v. Guilbeaux,* 761 P.2d 255 (Colo.App.1988) is inconsistent with the result we reach here, we decline to follow that decision.

Addressing the final requirement that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, we note only that this type of evidence has not been deemed inadmissible by virtue of this requirement in the various Colorado appellate decisions cited above with similar fact patterns. Like those cases, there is no basis in the record for us to conclude that the evidence in this case excited the emotions of the jury to irrational behavior.

## II.

The trial court instructed the jury at the time the evidence was admitted at trial, and again in the general charge to the jury, that the evidence was being admitted for the limited purpose of demonstrating defendant's motive. The jury instructions substantially tracked the language of *COLJI–Crim.* Nos. 2:02 and 4:02 (1983). Defendant contends, however, that reversal of the judgment is required because the trial court failed to define motive in its instruction. We disagree.

In our view, "motive" is a word with which reasonable persons of common intelligence would be familiar and not so technical as to create confusion in jurors' minds as to its meaning. Hence, the trial court was not required to define the word for the jury. *See People v. Deadmond,* 683 P.2d 763 (Colo. 1984).

## III.

Defendant next contends that the trial court abused its discretion in denying his motion for new trial based on newly discovered evidence. We again disagree.

To succeed on a motion for new trial based on newly discovered evidence, the defendant must show: (1) that the evidence was discov-ered after the trial; (2) that defendant and his counsel exercised diligence to discover all possible evidence favorable to the defendant prior to and during the trial; (3) that the newly discovered evidence is material to the issues involved, and not merely cumulative or impeaching; and (4) that the newly discovered evidence is of such a character as probably to bring about an acquittal verdict if presented at another trial. *People v. Gutierrez,* 622 P.2d 547 (Colo.1981).

Motions for new trial based on newly discovered evidence are generally looked upon with disfavor, and a denial of such a motion will not be overturned unless it has been shown that the trial court clearly abused its discretion. *People v. Williams,* 827 P.2d 612 (Colo.App.1992).

Here, the trial court determined that the evidence was discovered after trial, that the defendant and his counsel exercised due diligence to discover all favorable evidence prior to and during the trial, and that the newly discovered evidence was material. Nonetheless, the court concluded that the evidence would not have resulted in an acquittal of the defendant.

The evidence presented at the motion hearing did not account for the entire period contained in the information. The alleged incident occurred between April 7 and August 25, 1980. The evidence was in conflict as to whether the defendant and his family moved to Wetmore in June or July of 1980. Hence, we conclude that the trial court did not abuse its discretion by denying the motion for new trial based upon newly discovered evidence. We concur with the trial court's conclusion that the asserted newly discovered evidence would probably not have produced a verdict of acquittal on retrial.

## IV.

Defendant finally contends that the trial court abused its discretion in sentencing him in the aggravated range. He argues that the sentence imposed is illegal because it exceeds the maximum in the presumptive range and the trial court failed to make findings of extraordinary aggravating circumstances as

required by § 18–1–105(7), C.R.S. (1986 Repl.Vol. 8B). We agree.

■ The range of punishment available to the trial court is determined by the applicable law at the time of the offense. *People v. Wieghard,* 743 P.2d 977 (Colo.App. 1987). Because the offense occurred between April 7 and August 25, 1980, the applicable presumptive range sentence for a class three felony was four to eight years plus one year of parole. Section 18–1–105(1)(a)(I), C.R.S. (1986 Repl.Vol. 8B). The presentence report stated that the range was four to sixteen years, which was the presumptive range at the time of trial. Section 18–1–105(1)(a)(IV), C.R.S. (1992 Cum.Supp.).

Hence, in order to sentence defendant to 12 years, the trial court was required to make specific findings on the record detailing the specific extraordinary circumstances which constitute the reasons for varying from the presumptive range. Section 18–1–105(7). Since the trial court did not make specific findings of extraordinary aggravating circumstances, we vacate the sentence and remand for resentencing.

Accordingly, the judgment and order are affirmed, the sentence is vacated, and the cause is remanded for resentencing.

PLANK, J., concurs.

CRISWELL, J., dissents.

Judge CRISWELL dissenting.

I am convinced that, given the offense charged and the evidence produced, the similar offenses that were described to the jury here were not relevant to any fact in issue. Hence, I am also convinced that the trial court committed prejudicial error in admitting this evidence. I therefore dissent from the majority's affirmance of the judgment of conviction.

Defendant was charged with the crime of aggravated incest as defined in § 18–6–302(1)(e), C.R.S. (1986 Repl.Vol. 8B). As charged here, that crime consisted of knowingly inflicting sexual penetration upon his stepchild at a time when the stepchild was less than 21 years of age. Under the evidence, "sexual penetration," as charged, consisted of sexual intercourse. *See* § 18–3–401(6), C.R.S. (1986 Repl.Vol. 8B).

Thus, unlike sexual crimes based upon "sexual contact" or "sexual intrusion," both of which may require proof that such contract or intrusion was for the purpose of "sexual arousal, gratification, or abuse," *see* § 18–3–401(4), C.R.S. (1993 Cum.Supp.); § 18–3–401(5), C.R.S. (1986 Repl.Vol. 8B); *People v. West,* 724 P.2d 623 (Colo.1986), the crime with which defendant was charged required no proof of any specific intent. Proof that defendant knowingly engaged in sexual intercourse with his stepdaughter was sufficient for a conviction.

Moreover, this case presented no contested issue as to the identity of the alleged perpetrator. The complaining witness was defendant's stepdaughter, and she testified that the incident upon which the charge was based took place while she and defendant were living in the same residence.

The sole theory of the defense was that the incident did not occur. While defendant did not testify, this theory was presented to the jury through counsel's attempted impeachment of the People's witnesses, including the victim, and in closing argument.

The People initially offered the contested evidence for the purpose of proving both *modus operandi* and motive. However, the trial court concluded that the only relevance of a particular *modus operandi* is upon the issue of the identity of the perpetrator. Hence, because identity was not a legitimate issue here, the trial court concluded that similar incident evidence was not admissible for that purpose.

However, the court also concluded that, to the extent that the evidence might establish defendant's motive, it was relevant upon the issue of defendant's intent and would be admitted for that purpose. Thus, the question of defendant's motive was the only purpose for the receipt of this evidence, and the limiting instruction given to the jurors informed them that it was "to be considered only as it relates to motive." This instruction was the only one referring to the question of "motive"; that term was nowhere defined in the instructions; and the jurors were never in-

structed to consider this evidence upon the question of defendant's intent or otherwise informed as to how defendant's "motive" was to be considered by them with respect to any element of the crime with which he was charged.

Given the circumstances here, defendant's "motive" in engaging in sexual intercourse with his stepdaughter was not only self-evident from the act itself, but under the statute defining aggravated incest, such motive was irrelevant. Irrespective of defendant's intent or motive, if he knowingly engaged in the act of sexual intercourse with his underage stepdaughter, then he committed the crime of aggravated incest. Indeed, even if defendant harbored some bizarre intent or motive in engaging in such intercourse (which is in no way suggested by the evidence), he would still be guilty of this crime, so long as he was rationally aware of his actions.

It is certainly true that both § 16–10–301(1), C.R.S. (1993 Cum.Supp.) and CRE 404(b) authorize the receipt of similar offense evidence as tending to establish a defendant's motive. However, a defendant's motive does not always meet the test of relevancy set out in CRE 401. To be relevant under that rule, evidence must have a tendency "to make existence of any fact *that is of consequence* to the determination of the action more probable or less probable...." (emphasis supplied) Thus, it is only if the establishment of a defendant's motive will make the existence of some other fact in issue (such as the identity of the perpetrator or the existence of the requisite specific intent) more or less probable that it is relevant in any case. *See People v. Casper*, 631 P.2d 1134 (Colo.App. 1981); E. Imwinkelried, *Uncharged Misconduct Evidence*, § 3:15–§ 3:18; § 4:19 (1984).

I recognize that some earlier opinions by our supreme court have contained dicta to the effect that evidence of motive is always admissible. These opinions were issued, however, before the adoption of the Colorado Rules of Evidence and before the more recent decisions in *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979); *People v. Spoto*, 795 P.2d 1314 (1990); and *People v. Garner*, 806 P.2d 366 (Colo.1991).

Colorado's adoption of the rules of evidence made at least some changes in the prior common law. Nevertheless, the supreme court has made clear that these rules have continued Colorado's "restrictive policy" against admitting evidence of other offenses. *People v. Garner, supra.*

Moreover, both *Honey* and *Spoto* have emphasized the requirement that the proffered evidence must be both relevant to some contested issue and necessary to prove such issue. In *Spoto*, for example, our supreme court warned that:

> To be admissible, the prosecution must articulate a *precise evidential hypothesis* by which *a material fact* can be permissibly inferred from the prior act independent of the use forbidden by CRE 404(h).

795 P.2d at 1319 (emphasis supplied).

And, in the previous opinion in *Honey*, Justice Rovira, writing for a unanimous court, said:

> The evidence must be *necessary* to prove the material fact in issue for which it is offered.... If the defense has conceded the issue, or if it has been established by other competent evidence, evidence of the prior act is *unnecessary* and, as such, is inadmissible.

198 Colo. at 67, 596 P.2d at 754 (emphasis supplied).

Here, because the issue of identity was undisputed, the trial court concluded that the evidence of the prior incidents was inadmissible to establish a *modus operandi*. Yet, the very same analysis is even more persuasive in convincing me that the same evidence was not properly admissible to prove the existence of motive as relevant upon the question of defendant's intent.

As noted, the People were not required to prove the existence of any specific intent. Further, defendant did not dispute that, if the incident occurred in the manner described by the complaining witness, the nature of the incident itself established the requisite "knowing" mental state. Hence, admission of this wholly irrelevant evidence was entirely unnecessary.

The sole issue presented for jury determination in this case was whether the incident

described by the complaining witness occurred. The only real purpose of establishing that similar incidents had occurred in the past was to have the jurors infer that, because defendant did it before, he also was guilty of the incident charged. Yet, such inference is, in my view, precisely the sort of inference that CRE 404(b) mandates to be improper. And, because of the significant impact that such evidence naturally has upon jurors, its receipt constituted prejudicial error.

For these reasons, I would reverse the judgment of conviction and remand the cause to the trial court for a new trial.